[No. 9042.    Department One. — December 19, 1885.]

OSCAR LEWIS, RESPONDENT, *v.* ANDREW STEIGER, APPELLANT.

EVIDENCE — IMPEACHMENT OF WITNESS. — Where a witness for the plaintiff denies on his cross-examination that he offered to procure testimony in the case for the defendant if paid therefor, the defendant may impeach him by evidence to the contrary.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The action was brought to recover money paid, laid out, and expended, for work and labor done, for goods sold and delivered, and upon a promissory note. The further facts are stated in the opinion of the court.

*D. M. Delmas,* for Appellant.

*Roche & Desbeck,* for Respondent.

Ross, J.—On the trial of this cause in the court below one Knight was examined as a witness in rebuttal, and gave testimony material for the plaintiff; on cross-examination he was asked in effect if he had not, at a certain time and place, proposed to the defendant to procure testimony for him in the case upon the payment by defendant of $250. Knight having answered in the negative, the defendant was called in his own behalf in surrebuttal, for the purpose of showing that such a proposal had been made by Knight, and of thus impeaching his testimony. To this plaintiff objected, upon the ground that as the transaction for the purchase of testimony was a matter purely collateral to the issues in the case, and was brought out by defendant on cross-examination, he was concluded by the answers given. The objection was sustained, and the ruling of the court in that regard constitutes the ground of the appeal.

The ruling was erroneous. The case comes within the exceptions to the rule that if a question is put to a witness which is collateral or irrelevant to the issue, his answer cannot be contradicted by the party who asked the question, but is conclusive against him. It does not admit of doubt that if Knight did in fact offer to procure testimony for defendant in the case for a money consideration, it was a corrupt proposal, and would tend to impeach the testimony that he himself had given. "The

rule will be found a general one," said the court in *Morgan* v. *Fries*, 15 Barb. 354, "and will be sustained by the cases, that when the witness on his cross-examination denies a particular fact going barely to impeach his general character and credit, witnesses cannot be called to contradict him. But a distinction is made between the right to contradict the witness in respect to any fact relating to his conduct in the particular cause, and the right which goes to the point of his being a man worthy of credit generally. This distinction was taken by the court in *Yervin's Case*, 2 Camp. 637. The distinction, however, has sometimes been overlooked, as was done by Lawrence, J., in *Harris* v. *Luppet*, 2 Camp. 638, decided at *nisi prius*: This case was undoubtedly wrongly decided, and the principle was applied in the haste of *nisi prius*. It is not to be doubted that where a witness for the defendant has attempted to dissuade one of the plaintiff's witnesses from attending the trial, and denies on his cross-examination that he has done so, the plaintiff is entitled to give evidence to contradict him in this respect. Such evidence is addressed to his conduct in the particular suit, and ought to detract very much from his credit in the suit; and such evidence is admissible to affect the credit of the witness in the particular case. (*Atwood* v. *Welton*, 7 Conn. 66; *Yervin's Case*, 2 Camp. 637.) And so in the case under consideration, it was competent for the defendant to show that the witness Miller had endeavored to corrupt the witness Webster, and induce him to swear false in this particular suit, to the prejudice of defendant." (See also *Davis* v. *Roby*, 64 Me. 427; *State* v. *Patterson*, 2 Ired. 346; *State* v. *Roberts*, 81 N. C. 65; *Bullard* v. *Lambert*, 40 Ala. 204; 1 Greenl. Ev., sec. 462; 2 Taylor on Evidence, sec. 1451.)

The record shows that the attention of the witness Knight was sufficiently called to the subject, and his denial sufficiently explicit to allow the contradictory evidence offered by defendant.

Judgment and order reversed, and cause remanded for a new trial.

McKee, J., and McKinstry, concurred.

Hearing in Bank denied.