Pullen v. Pullen.

The defendant urges a sale. Under the evidence and the law I must advise a partition.

CATHARINE A. PULLEN

v.

RALPH L. PULLEN.

1. A party, in order to discredit his opponent's witness, asked him, on cross-examination, if he had not been guilty of larceny, and specified the chattels said to have been stolen, which the witness denied.—*Held*, that this prevented him from proving by others that the witness had admitted having stolen the goods named; nor could he be impeached by producing a justice of the peace, and asking him relative to an arrest and criminal charge of the witness before him, followed by an offer to corroborate such justice's evidence by his docket.

2. *Query*, whether a witness who has been convicted of a crime and, on cross-examination, denies it, can be contradicted by producing the record of his conviction.

On appeal from the ruling of the master.

*Mr. G. O. Vanderbilt,* for appellant.

*Mr. W. Y. Johnson, contra.*

BIRD, V. C.

The suit is for divorce. The defendant sought, on the examination of witnesses before the master, to discredit one of the witnesses called and examined by the complainant. This he endeavored to do, first, by asking him, on cross-examination, if he had not been guilty of larceny, particularly naming the goods said to have been stolen, which the witness denied; and then by offering to prove that he had admitted to others that he had stolen the goods. This testimony was objected to, and rejected by the master. The master was right. He followed the rule

Pullen *v.* Pullen.

as laid down by Greenleaf in his work on Evidence, § 449, and by all the judges who have considered the question on appeal. The question is, not whether the witness may be asked such a question or not, nor whether he can plead his privilege and refuse to answer, but, having been asked and answered, whether or not, in such case, he can be contradicted when it appears to touch upon matters wholly collateral to the issue between the parties and solely to pertain to the credibility of the witness. In *State* v. *Roberts, 81 N. C. 605,* a witness for the state was asked on cross-examination if he had not said to one Wills, " that, rather than be outdone by a negro, he would swear to any amount of lies," and also if he had not admitted on a trial before a justice of the peace that he had declared " that he would have all the corn cut down on Sandy Marsh creek, and would poison all the stock on said creek." The witness denied making any such statements. An offer was made to contradict him, which was overruled. On appeal, the Supreme Court said : " The general rule is that when a witness makes statements in the course of his evidence and as part thereof, as to any fact or facts constituting the subject matter under investigation, he may be im-

NOTE.—The practice in chancery in regard to the impeachment of witnesses is the same as at law, *Sawyer* v. *Sawyer,* Walk. (*Mich.*) *43.* See *Kober* v. *Miller, 38 Hun 184, 185.*

The old rule was that if a defendant, on examination as a witness, denied having been convicted of a crime, he could not afterwards be contradicted, *2 Phil. on Evid. (C. H. & E. notes) 950; Goddard* v. *Parr, 24 L. J. Eq. 783, 784;* see *People* v. *Wolcott, 51 Mich. 612;* except where he stated on his *direct* examination that he was not guilty of the former offence, *Com.* v. *Murray, 13 Phila. 454.*

In *Marx* v. *People, 63 Barb. 618,* a defendant on trial for a felony offered himself as a witness on his own behalf. On cross-examination he was asked whether he had not been convicted and sentenced, on a plea of guilty, for burglary, on a specified day, which he denied. Afterwards the prosecutor, stating its contents, offered a copy of the record, showing that a person of the same name as the defendant had been convicted and sentenced as stated, and then offered to prove the defendant's identity, which last offer was overruled. —*Held,* that the record was inadmissible.

After a denial of his guilt, the prosecutor was allowed to introduce the record of his conviction, in order to contradict the defendant, *People* v. *Chin Mook Sow, 51 Cal. 597.*

Pullen *v.* Pullen.

peached by proof of statements or representations to the contrary, but as regards statements of a witness drawn out on cross-examination collateral to the investigation, the same are to be taken as conclusive, and it is not admissible to contradict him by showing declarations or statements inconsistent therewith, with an exception, however, that disparaging evidence of inconsistent statements in matters collateral may be received when it tends to show the temper, disposition or conduct of the witness in relation to the cause or parties," *Greenl. Ev.* § *455.* In *Commonwealth* v. *Mason, 105 Mass. 163,* the court, on appeal, said the questions put the government witness, on cross-examination, whether he had not offered, in another case, to suborn a witness, and whether he had not forged the name of the defendant, Francis D. Willard, to certain notes, were inquiries as to collateral and irrelevant matters, and the ruling of the presiding judge rejecting them is not open to exception. See, also, *Commonwealth* v. *Murray, 36 Leg. Int. 392; People* v. *McKeller, 53 Cal. 65; People* v. *Bell, Id. 119; Eames* v. *Whittaker, 123 Mass. 342; Kaler* v. *Builders Ins. Co., 120 Id. 333; Hester* v. *Commonwealth, 85 Pa.*

The English statutes (*28 and 29 Vict. c. 18* § *6*) now allow the defendant to be contradicted, *2 Taylor's Evid.* § *1437; Best on Evid.* § *130; Stephen's Dig. of Evid. art. 130; Ward* v. *Sinfield, 49 L. J.* (*C. P. D.*) *696.*

And also those in some of the United States, as in Wisconsin (*Rev. Stat. of 1878* § *4073*), see *Ingalls* v. *State, 48 Wis. 647;* New York (*Civil Code* § *832*), *People* v. *Kelly, 35 Hun 295, 304; People* v. *Hovey, 29 Hun 382, 390.*

If, without producing the record, the defendant is asked whether he has ever been convicted, and he answers without exception, or does not insist upon the production of the record, he cannot afterwards raise the question of his privilege, *People* v. *Reinhart, 39 Cal. 449; Root* v. *Hamilton, 105 Mass. 22; State* v. *Rockett, 87 Mo. 666; Hanoff* v. *State, 37 Ohio St. 178; Perry* v. *People, 86 N. Y. 353; South Bend* v. *Hardy, 98 Ind. 577;* see *People* v. *Crapo, 76 N. Y. 288, 290* (*Church, C. J.*); *State* v. *Damery, 48 Me. 327.*

The defendant, after the record has been admitted, cannot countervail it by offering to prove his innocence of the offence of which he thereby stands convicted, *State* v. *Watson, 65 Me. 74; Com.* v. *Gallagher, 126 Mass. 54; Gertz* v. *Fitchburg R. R. Co., 137 Mass. 77; Gardner* v. *Bartholomew, 40 Barb. 325;* see *Driscoll* v. *People, 47 Mich. 413; Com.* v. *Feldman, 131 Mass. 588; Sacia* v. *Decker, 10 Daly 204; Com.* v. *Ervine, 8 Dana 30;* except in case of a foreign conviction, *Sims* v. *Sims, 75 N. Y. 466;* nor can a pardon be contradicted, *Hester* v. *Com., 85 Pa. St. 139; Jones* v. *Harris, 1 Strobh. 160.*

Pullen v. Pullen.

*St. 139–157; Madden v. Koester, 52 Iowa 692–694; Lewis v. Seiger, 8 Pac. Rep. 884; Plato v. Reynolds, 27 N. Y. 586–588; Chapman v. Brooks, 31 N. Y. 75–87; Corning v. Corning, 6 N. Y. 97–104; Stokes v. People, 53 N. Y. 164–176; Ryan v. People, 79 N. Y. 593–600; Furst v. Second Avenue R. R. Co., 72 N. Y. 542; Conley v. Meeker, 85 N. Y. 618; Stephen's Dig. Ev. (Chase's ed.) p. 227 art. 130.*

An offer was made to make proof of criminal conduct of this same witness by producing a justice of the peace with his docket, and asking the justice respecting his actions in issuing process, and then offering to prove what he had done, and the nature of the offence charged by his docket. The docket was admitted under objections. An appeal was taken. These offers must fall for the reasons above given, and also for the reason, as every one must admit, that nothing could be more monstrous than to solemnly adjudge that to impeach a witness you need only show he has been charged and arrested for a crime, and also for the further reason that the justice has no authority to keep a docket and to make record in any such case for any such purposes. In

Where a convict is brought from a state prison to testify, and does testify, the fact that his reputation for truth and veracity, at the time of and previous to his sentence, was bad, may be shown, *Hamilton v. State, 34 Ohio St. 82;* see *Ranken v. Com., 82 Ky. 424; Johnson v. Com., 2 Gratt. 581.*

If, after serving a sentence, a convict testifies and, admitting that fact, alleges a reformation, such allegation cannot be disproved, *Conley v. Meeker, 85 N. Y. 618; People v. Amanacus, 50 Cal. 233;* see *Gertz v. Fitchburg R. R. Co., 137 Mass. 77; Curtis v. Cochran, 50 N. H. 242.*

A charge or sworn complaint before a justice of the peace is inadmissible as evidence on another trial to discredit the defendant therein named, *West v. Lynch, 7 Daly 245; McKesson v. Sherman, 51 Wis. 303, 311;* see *People v. Clark, 102 N. Y. 735; State v. McKennan, Harp. 302; State v. Hannett, 54 Vt. 83;* or the justice's docket, *State v. Gaffney, 56 Vt. 451; Coble v. State, 31 Ohio St. 100;* see *Spalding v. Lowe, 56 Mich. 366; Beemer v. Kerr, 23 U. C. Q. B. 557;* or proof of an arrest, *People v. Crapo, 76 N. Y. 288; People v. Elster (Cal.), 5 Crim. Law Mag. 687; Gale v. People, 26 Mich. 157; Stout v. Rassel, 2 Yeates 334;* see *Commonwealth v. Bonner, 97 Mass. 587; People v. Hovey, 29 Hun 382; People v. Brandon, 42 N. Y. 265;* or of an effort to evade an arrest, *Moore v. State, 68 Ala. 360;* see *Ryan v. People, 19 Hun 188, 79 N. Y. 593; State v. Schaffer, 70 Iowa 371; Smith v. State, 58 Miss. 867; State v. Starnes, 94 N. C. 973.—REP.*

this respect, the principles laid down in *Hester* v. *Commonwealth, supra*, are applicable.

In these respects, the ruling of the master ought to be sustained. The defendant must pay the costs of appeal.

It will be seen that the questions presented do not involve any construction of the first section of the act concerning evidence (*Rev. p. 378*), which provides that a witness convicted of a crime may be so shown, either by cross-examination or by the production of the record thereof. I have not been called upon to decide whether or not, in such a case, a witness who has been convicted, and on cross-examination denies it, could be contradicted by the record.