[Crim. No. 208.   First Appellate District.—August 2, 1910.]

## THE PEOPLE, Respondent, v. CHARLES MACK, Appellant.

CRIMINAL LAW—GRAND LARCENY—EVIDENCE—CONVERSATIONS OF WITNESS FOR DEFENDANT WITH PROSECUTRIX—ANIMUS OF WITNESS.— In a prosecution for grand larceny, where a witness for the defendant on cross-examination denied conversations with the prosecutrix showing that he was endeavoring to induce her to drop the prosecution and absent herself from the trial, or that he stated "defendant ought to be in jail," the court properly allowed proof of such conversations and statement, not for the purpose merely of contradict-

ing the evidence of the witness, but for the purpose of showing his interest and bias in favor of the defendant on trial.

ID.—GENERAL RULE AGAINST IMPEACHMENT BY OPINION EVIDENCE.—If the statement of the witness shown as to his opinion that "defendant ought to be in jail" had been introduced by the prosecution merely to contradict the evidence for the defendant, it seems that it would be inadmissible. The general rule is that evidence that a witness has stated an opinion as to the guilt of the defendant may not be introduced to contradict the facts to which he has testified.

ID.—RULE OF EVIDENCE AS TO INTEREST AND BIAS OF WITNESS—WEIGHT OF TESTIMONY.—Evidence tending to show the interest and bias of a witness may be given; and evidence that a witness for defendant has endeavored to induce the prosecuting witness, or any other witness to be absent from the trial, is clearly of that character. The bias and interest of a witness in the case is a matter going to the weight to be given to his testimony.

ID.—STATEMENT OF OPINION EMPHASIZING INTEREST AND BIAS.—The fact that the witness for defendant, in the conversation in which he attempted to dissuade the prosecutrix from appearing as a witness, stated that defendant "ought to be in jail," simply emphasized the proof of his interest and bias. It showed the length to which he was willing to go to aid his friend, the defendant.

ID.—TESTIMONY OF DEFENDANT'S WITNESS TO CONVERSATIONS WITH PROSECUTRIX—ROBBERY BY DEFENDANT—HEARSAY WITHOUT PREJUDICE.—Where defendant's witness was allowed to testify without objection to conversations with the prosecutrix in which she stated that the defendant had robbed her, the allowance of further hearsay evidence, over objection on cross-examination, that the prosecutrix said "she hated to believe he would rob her," was without prejudice to defendant.

ID.—HEARSAY PROPERLY REJECTED.—The court did not err in refusing to allow defendant's witness to testify to hearsay evidence of what was said by the arresting officer after he had arrested the defendant.

ID.—EVIDENCE—BRINGING DRUGGED WHISKY TO PROSECUTRIX—UNFAIR ADVANTAGE INTENDED—DEFENDANT'S CONSCIOUSNESS OF GUILT.— Evidence that the defendant and two companions brought whisky drugged with morphine to the house of the prosecutrix two days after she had sworn to the complaint against defendant, it being the object of their visit to dissuade her from prosecuting the defendant for larceny, was admissible. Such evidence tended to connect the defendant with an unfair effort to take advantage of an intended and expected drugged condition, to dissuade her the more readily from prosecuting the defendant, and it thus tended to show a consciousness of guilt on his part.

ID.—EVIDENCE CONNECTING CRIME CHARGED WITH DISTINCT CRIME.— Evidence that logically tends to connect a defendant with the com-

mission of the crime charged is admissible, although it also tends to connect him with another crime.

Id.—Offer of Remote Evidence—Absence of Prejudice.—The exclusion of an offer of remote and inconsequential evidence, which is without prejudice to the defendant, cannot justify a reversal.

Id.—Giving of Correct Abstract Instruction Inapplicable to Facts Without Prejudice.—The giving of a correct abstract instruction which is not pertinent to any theory of the case is without prejudice, where the court fairly and fully instructed the jury on the law pertinent to the case.

APPEAL from a judgment of the Superior Court of Alameda County, and from an order denying a new trial. William H. Waste, Judge.

The facts are stated in the opinion of the court.

Philip M. Walsh, for Appellant.

U. S. Webb, Attorney General, and J. Charles Jones, for Respondent.

HALL, J.—Defendant was convicted of grand larceny for stealing $110 from Mrs. Edith McRea, and upon this appeal it is not contended that the evidence is not sufficient to support the verdict. The only grounds urged for a reversal relate to some rulings of the court upon objections to evidence and in giving a certain instruction.

The larceny in question was committed at premises kept as a saloon by one Le Forte. Le Forte was called as a witness on behalf of defendant and gave testimony favorable to defendant. Upon cross-examination this witness was asked over the objection of defendant two questions, as to whether or not he had two certain conversations with Mrs. McRea. The words of the several conversations were repeated in the questions, and if they occurred showed that the witness was endeavoring to induce Mrs. McRea to drop the prosecution of the defendant, and to absent herself from the county when needed as a witness. In the purported conversation as set forth in the questions was a statement by the witness that the defendant ought to be in jail. The witness answered "No" to each question; and subsequently, over the objection of defendant, the prosecution was allowed to prove that he did

have the conversations as set forth in the questions. The only part of the conversations about which there can be any question is the part in which the witness stated that defendant ought to be in jail. If the conversation had been given in evidence simply to contradict the testimony of the witness, it would probably have been inadmissible. The general rule is that evidence that a witness has stated an opinion as to the guilt of defendant may not be introduced to contradict him as to the facts to which he has testified. Such is the character of the cases cited by appellant, to which many more might be added along the same line.

But the evidence containing the conversations between the witness Le Forte and Mrs. McRea was not for the purpose of contradicting him as to the evidence he had given as to the facts of the case, but was for the purpose of showing his interest and bias in favor of the defendant on trial.

That evidence tending to show the interest of a witness in the case may be given cannot be doubted, and evidence that a witness has endeavored to induce the prosecuting or any other witness to absent himself from the trial or to drop the prosecution of the case is clearly of such character. The bias and interest of the witness in the case is a matter going to the weight to be given his testimony. (*People* v. *Lee Ah Chuck,* 66 Cal. 667, [6 Pac. 859]; *People* v. *Thompson,* 92 Cal. 506, [28 Pac. 589]; *People* v. *Wong Chuey,* 117 Cal. 627, [49 Pac. 833]; *Lewis* v. *Steiger,* 68 Cal. 200, [8 Pac. 884]; *People* v. *Murray,* 85 Cal. 350, [24 Pac. 666].)

The fact that the witness in the conversation in which he attempted to dissuade the prosecutrix from appearing as a witness also stated as his opinion that the defendant ought to be in jail, simply emphasized the proof of his interest and bias. It showed the length to which the witness was willing to go to aid his friend, the defendant. The court did not err in admitting this testimony.

Without objection the witness Le Forte testified to a conversation with Mrs. McRea, in which she stated to Le Forte that the defendant had robbed her. Appellant now complains that the court permitted the witness Le Forte to further testify upon cross-examination that Mrs. McRea also said that "She hated to think that he would rob her or words to that effect." This evidence was hearsay, but it is impossible to

believe that any injury could have been. done to defendant thereby in view of the fact that the witness had already twice or more testified without objection that Mrs. McRea stated that defendant had robbed her.

The court did not err in refusing to allow the witness Le Forte to testify to a conversation he claimed to have had with Officer Kyle after the arrest of the defendant. No questions had been asked the witness by the prosecution about such conversation, and no evidence of such conversation had been given by anyone. The rejected evidence was purely hearsay, and for that reason was not admissible.

The appellant contends that the court erred in permitting evidence to be given by the prosecution that certain whisky brought to the house of Mrs. McRea, by defendant and two companions two days after she had sworn to a complaint charging him with the larceny, contained morphine. It is insisted that this evidence tended to prove a distinct crime against defendant in no way connected with the charge for which he was on trial. The evidence tends to show that on the occasion of the visit of defendant and his two witnesses to Mrs. McRea he in effect attempted to dissuade her from prosecuting him for the larceny. Mrs. McRea did not in fact drink any of the whisky, but the circumstances in evidence were such that the jury might well infer that defendant expected that she would, and that she would thus be reduced to a condition in which she would the more readily consent to refrain from an effective prosecution of him. The evidence concerning the whisky tended to connect the defendant with an unfair effort to dissuade the prosecutrix from prosecuting the defendant, and thus tended to show a consciousness of guilt upon his part. For this purpose it was admissible. Evidence that logically tends to connect a defendant with the commission of the crime charged is admissible, although it also tends to connect him with another crime. (*People* v. *Cook,* 148 Cal. 340, [83 Pac. 43] ; *People* v. *Sanders,* 114 Cal. 216, [46 Pac. 153] ; *People* v. *Argentos,* 156 Cal. 720, [106 Pac. 65] ; *People* v. *Soeder,* 150 Cal. 15, [87 Pac. 616].)

Objection is made that the court refused to allow evidence that at some time, stated as a month or two before the whisky was brought to Mrs. McRea, one Johnson left with her a white powder. Counsel for defendant claims that from this

fact the jury could infer that Mrs. McRea herself put morphine in the whisky. No competent evidence was offered that the powder was in fact morphine, or that Mrs. McRea retained it in the house at the time the whisky was brought there. Indeed, the circumstances that counsel stated to the court he expected to prove about the leaving of the powder would strongly indicate that it would not be preserved. We think the offered evidence was too remote and inconsequential to justify a reversal for its exclusion.

The court gave to the jury an instruction concerning corroborative evidence, which is not claimed to be erroneous as a statement of law, but is claimed to be wholly inapplicable to this case, as the prosecution in no way relied on any evidence of an accomplice.

The instruction does not appear to us to be pertinent to any theory of the case, but it was a correct statement of law in the abstract, and as the court fully and fairly instructed the jury on the law pertinent to the case, the challenged instruction could do no harm.

The appellant also makes the point of misconduct on the part of the district attorney. We have examined the record in this regard, and find nothing to support the claim of appellant.

The judgment and order are affirmed.

Cooper, P. J., and Kerrigan, J., concurred.