[Civ. No. 2465. Third Appellate District.—September 22, 1922.]

SIMONE SEVERINI, Appellant, v. SUTTER-BUTTE CANAL COMPANY (a Corporation), Respondent.

[1] CONTRACT—WATER FOR IRRIGATION—RULE OF RAILROAD COMMISSION —REFUSAL OF COMPLIANCE—DAMAGES.—A land owner is not entitled to recover damages from a canal company for failure of the company to furnish water in accordance with its contract, where such failure is based upon the refusal of the land owner to comply with a rule of the Railroad Commission changing the time of payment for water, where the difference to the plaintiff amounted only to the sum of one dollar and fifty-three cents, since by paying the amount under protest, the plaintiff could have had his action for the recovery of the excess, if it was not due.

APPEAL from a judgment of the Superior Court of Sutter County. K. S. Mahon, Judge. Affirmed.

The facts are stated in the opinion of the court.

W. E. Davies for Appellant.

W. H. Carlin and Henry Ingram for Respondent.

BURNETT, J.—Plaintiff sued the defendant for damages in the sum of $7,000 claimed to have been caused by the failure and refusal of the defendant to furnish water to plaintiff for irrigating his lands during the season of 1919. The trial court granted a motion for nonsuit and the appeal is from the judgment entered thereupon in favor of defendant. Plaintiff purchased the land from the Sutter Irrigated Farms Company. Prior to said sale the company

had entered into a contract with the Sutter County Canal Company, predecessor of defendant, for a supply of water at the price of two dollars per acre, payable on the first day of September of each year. This contract for the supply of water was recorded, and it expressly provided that the water was to be appurtenant to the land. Plaintiff's purchase was of twenty-nine acres, and in 1910, 1912, 1915, and 1916 he planted it to fruit of different kinds. During each year from 1910 to 1918, inclusive, he received from defendant and paid for water at said agreed price. In the year 1919 he made a request of defendant for water pursuant to his contract, but the latter refused to furnish it unless plaintiff would pay one dollar per acre on February 1st. This plaintiff refused to do unless he was guaranteed water. Defendant declined to furnish guaranty, so the water was not supplied. It appears that defendant's demand was due to the fact that in 1918 the Railroad Commission of this state changed the rates of service of water by respondent to its consumers, including appellant, so as to provide that instead of paying two dollars per acre on the 1st of September, one dollar should be paid on the 1st of February and the other one dollar on the 1st of July. It appears that about January 15, 1919, respondent mailed to, and which was received by appellant, this notice:

"Notice. Under rules prescribed by the Railroad Commission of the state of California for the undersigned, water rates for the ensuing season are payable as follows: One-half thereof, February first, 1919. One-half thereof July first, 1919. If not so paid interest will be charged at the rate of eight per cent per annum. Service will be refused until rates are paid. Consumers in arrears must also settle their accounts before receiving service."

Thereafter appellant called at the office of respondent at Gridley and was informed by the agent in charge that the company would require the payments to be made in accordance with the rule adopted by said Railroad Commission. Plaintiff was asked on cross-examination this question: "You refused to pay it?" and he replied: "Yes, sure I did. I say that I pay on September 1st."

[1] We may pass by the question of damage to the crops and the contention of appellant that "the water right of the plaintiff is an easement attached to the land and to

raise the rate without the consent of the land owner would impair the obligation of the contract" and come directly to the practical question, whether by reason of his pertinacious and imprudent refusal to make such trifling concession he should be heard to complain. The situation was as follows: Assuming that appellant would have been required to pay on his total acreage of twenty-nine acres at two dollars per acre under the old arrangement it would have amounted to $58 on September 1st. Under the demand of respondent he would be required to pay $29 on February 1st and $29 on July 1st. At seven per cent interest the first would amount to $30.19 on September 1st and the second to $29.34. Hence it appears that appellant refused to pay $1.53 more than he thought he should pay, but chose rather to run the risk of losing his crops. Indeed, according to the allegations of his complaint he actually lost $7,000. When there is such inconsequential difference between the parties the law expects the one who has great interests at stake to yield in order to save excessive damages and costs. The case is governed by the decision of the supreme court in *Henrici* v. *South Feather Land etc. Co.*, 177 Cal. 442 [170 Pac. 1135], from which we quote as follows: "By paying the excessive price without conceding its correctness he could have saved his trees, vines and crops and reduced his damage to a comparatively trifling sum. This it was plainly his duty to do. 'The law imposes upon a party injured by another's breach of contract or tort the active duty of using all ordinary care and making all reasonable exertions to render the injury as light as possible. If by his negligence or willfulness he allows the damages to be unnecessarily enhanced, the increased loss, that which was avoidable by the performance of his duty, falls upon him.' (1 Sutherland on Damages, 4th ed., sec. 88; *Ash* v. *Soo Sing Lung*, 177 Cal. 356 [170 Pac. 843]; *Cullerton* v. *Miller*, 26 Ont. 36, 45; *Dillon* v. *Anderson*, 43 N. Y. 231, 237.) The principle has been applied by this court in a case similar to the one at bar. (*Mabb* v. *Stewart*, 147 Cal. 413 [81 Pac. 1073].) . . . So, in this case, the plaintiff could not hold the defendant responsible for the ruin caused by his own act in allowing his trees and vines to go without water for four years, when, as he well knew, he might at slight cost have secured the

water and reduced his damage to almost nominal proportions."

The plaintiff may pride himself upon his firmness in insisting upon what he conceived to be his rights and he is entitled to whatever satisfaction that may bring, but the law does not permit such pride to prevent the payment, although not due, of less than two dollars in order to save the loss of possibly thousands of dollars. Of course, he could have paid it under protest and thereafter have had his action for the recovery of the excess, if it was not due.

In reference to the contention of appellant that if the rule in the Henrici case, *supra,* applies it is a matter of mitigation and should have been pleaded (*Bader* v. *Mills & Baker Co.* (Wyo.), 201 Pac. 1012), it is sufficient to say that the defense does appear in the answer, and since the facts were developed by the testimony of plaintiff, no proof of it was required on the part of defendant.

If it should be thought that plaintiff was entitled to a judgment for the said sum of $1.53 it is sufficient to say that the rule of *de minimis* applies.

Respondent also claims that, under the authority of *Southern Pac. Co.* v. *Spring Valley Water Co.,* 173 Cal. 291 [L. R. A. 1917E, 680, 159 Pac. 865], the modification made by the Railroad Commission was a valid exercise of jurisdiction, although applying to a prior existing contract, and therefore the right existed to insist upon the increased rate, but in any event the other point is decisive of the case.

The judgment is affirmed.

Anderson, J., *pro tem.,* and Finch, P. J., concurred.