[Crim. No. 1044.  Second Appellate District, Division One.—March 25, 1924.]

THE PEOPLE, Respondent, v. ROY OAKLEAF et al., Appellants.

[1] Criminal Law—Other Offenses — Evidence. — While a defendant in a criminal case cannot be tried for any other offense than that charged in the information, evidence which is pertinent to or tends to prove the crime alleged is admissible, even though it tends to prove the commission of other crimes.

[2] Id.—Robbery—Arrest for Other Offense — Escape — Evidence. In a prosecution for robbery, it is not error to admit evidence showing that at an early hour on the morning of a certain day, after the commission of the four robberies charged in the information, defendants and another were arrested for participating in a disturbance in a restaurant, that on the way to the police station they attacked and severely beat the arresting officer, after which they all made their escape, and that about an hour thereafter they were arrested at a garage where they were in the act of renting a car from the owner of the garage.

[3] Id.—Acquaintance With Codefendant—Cross-examination.—In such prosecution, one of the defendants having testified, on direct examination, that he had a short acquaintance with his codefendant and, on cross-examination, that he had met him in the county jail, it was not error to permit the district attorney, over the objection of defendants, to further cross-question said defendant as to when he left the county jail.

---

1.  See 8 Cal. Jur. 60; 8 R. C. L. 198, 199.
2.  Evidence of other crimes in prosecution for robbery, notes, 61 L. R. A. 193; L. R. A. 1917D, 388.  See, also, 23 R. C. L. 1157.

[4] ID. — REPUTATION — EVIDENCE — PRESUMPTION — INSTRUCTIONS. In a prosecution for robbery, if there is no evidence submitted as to the good character of the defendants for the traits involved in the charges against them, it is not error to refuse an instruction requested by them that their reputation is presumed to be good.

[5] ID.—EVIDENCE—IDENTITY OF DEFENDANT.—In this prosecution for robbery, the commission of the crime having been proven, and the prosecuting witness having positively identified defendant as one of those participating in the robbery, that evidence was sufficient to justify the judgment of conviction, notwithstanding the prosecuting witness further stated that if it was a case of life or death he would not want to swear as to the identity.

(1) 16 C. J., p. 588, sec. 1134.   (2) 16 C. J., p. 611, sec. 1196. (3) 40 Cyc., p. 2510.   (4) 16 C. J., p. 979, sec. 2380.   (5) 34 Cyc., p. 1809.

APPEAL from a judgment of the Superior Court of Los Angeles County and from orders denying a new trial. Carlos S. Hardy, Judge. Affirmed.

The facts are stated in the opinion of the court.

Frank W. Allender, Charles I. Rosin and Nathan Goldberg for Appellants.

U. S. Webb, Attorney-General, John W. Maltman, Deputy Attorney-General, and J. L. Flynn for Respondent.

CURTIS, J.—The defendants are charged jointly in the information with the commission of four robberies, all alleged to have been committed during the night of June 16th and the morning of June 17, 1923. The jury returned a verdict finding the defendant Oakleaf guilty on all four charges, and the defendant Piatt guilty of robbery as charged in count two of the information, and not guilty on the other three charges. The defendants have appealed separately from the judgment and from the orders denying their respective motions for a new trial. The defendant Piatt relies upon all the grounds advanced by defendant Oakleaf, and in addition thereto claims that the evidence is not sufficient to support the judgment against him.

We will consider the objections to the judgment which apply to both defendants, and afterward that which is relied

5.   See 8 Cal. Jur. 36.

upon by the defendant Piatt only. The defendants, with a man by the name of Carlton, were arrested at about 2 o'clock on the morning of June 17, 1923, after the commission of the four robberies charged in the information. The arrest was made by a police officer of the city of Los Angeles in a restaurant in said city on account of a disturbance which occurred in said restaurant, and in which said defendants participated. The arresting officer, in taking the three prisoners to the police station in his automobile, was attacked by them and severely beaten, after which they all made their escape. Thereafter, the defendants were arrested about 3 o'clock of the same morning at a garage where they were, in the act of renting a car from the owner of the garage. The defendants now claim that it was error to admit evidence of the arrest of the defendants on the first occasion, and their subsequent escape from the officer. It is defendants' contention that by the admission of this testimony the court permitted evidence of other crimes to be submitted to the jury, to the prejudice of defendants' rights. **[1]** While it is universally recognized that a defendant in a criminal case cannot be tried for any other offense than that charged in the information, yet the rule is equally well recognized that evidence which is pertinent to, or tends to prove, the crime alleged, is admissible, even though it tends to prove the commission of other crimes. (8 Cal. Jur. 61; *People* v. *Nakis,* 184 Cal. 105 [193 Pac. 92].) "Evidence of the conduct of the defendant subsequent to the commission of the alleged offense, which is admissible as tending to show consciousness of guilt, is not rendered inadmissible because it may tend to prove other crimes." (8 Cal. Jur. 72; *People* v. *Mack,* 14 Cal. App. 12 [110 Pac. 967].) **[2]** In the present case it was competent to show not only the whereabouts of the defendants immediately subsequent to the commission of the crime with which they were charged, but the fact that they were together with Carlton immediately after the time the crime was committed, and such evidence would not be rendered inadmissible because it might tend to show that they were guilty of other crimes. Flight, attempts to escape, and assaults upon the officer having the prisoner in charge, made by the latter in his efforts to prevent arrest, or in his endeavor to escape therefrom, are always admissible in evidence as tending to show consciousness of guilt on the part of the prisoner. It

is true that the first arrest of the defendants was made in connection with the disturbance in the restaurant. This circumstance, while it might be considered in determining the weight of the evidence complained of, would not render it inadmissible.

[3]   There was no error on the part of the court in overruling defendants' objection to a question asked defendant Oakleaf on cross-examination, as to when he left the county jail. He had testified on direct examination that he had a short acquaintance with the defendant Piatt, and on cross-examination that he had met him in the county jail. It was perfectly proper, therefore, for the prosecution, in an attempt to establish the length of this acquaintance, to ask the question objected to. Furthermore, neither of the defendants was injured by this evidence. Evidence had already been admitted, without objection, that the defendants met in the county jail, and it is not apparent to us how either could be injured by simply permitting the prosecution to show when the defendant Oakleaf left the jail.

We find no error in the ruling of the court in refusing to give certain instructions offered by the defendants. These proposed instructions, with the possible exception of that one relating to the good character of the defendants, were all covered by other instructions given by the court. [4]   There was no evidence submitted as to the good character of the defendants for the traits involved in the charges against them. It was not error, therefore, to refuse an instruction requested by the defendants that their reputation was presumed to be good. (*People* v. *Conte,* 17 Cal. App. 771, 787 [122 Pac. 450, 457].)

[5]   Referring now to the objection made by the defendant Piatt that the evidence is not sufficient to support the judgment of conviction against him, we find that there is testimony that he and the defendant Oakleaf were together in the early part of the evening of June 16th, and that they were together in the restaurant where they were arrested at about 2 o'clock on the morning of the 17th of June. The testimony further shows that the robbery of which the defendant Piatt was convicted was committed at about 1:30 o'clock of the same morning. The witness Scovel, the victim of said robbery, positively identified Oakleaf as one of the persons participating in said robbery, and when asked

whether he saw the defendant Piatt that night, after requesting Piatt to stand up, replied, ''Yes, he appears very much like the man that held the gun.'' When further interrogated by a juror as to why he thought Piatt was one of the men who robbed him, he replied, ''Because the features resemble him.'' In our opinion this evidence was sufficient to support the judgment against the defendant Piatt, notwithstanding the fact that the witness Scovel further stated that if it was a case of life or death he would not want to swear as to the identity of Piatt. Furthermore, as we have already seen, Piatt, along with Oakleaf and Carlton, after their arrest in the restaurant, and while they were being taken in an automobile to the police station, attacked the arresting officer, and after beating him up, all three of the prisoners made their escape from him. While the evidence does not show that the defendant Piatt took the leading part in this attack upon the officer, it does show that he participated therein, and that after the assault, with the other two prisoners, made his escape from the officer. This evidence of the flight of the defendant Piatt the jury was authorized to consider together with the other evidence against him, and taking it all together, we think it was clearly sufficient to justify the jury in rendering a verdict of conviction against the defendant Piatt.

The judgment and orders denying the motions for a new trial are affirmed.

Conrey, P. J., and Houser, J., concurred.