[Crim. No. 2149. Second Appellate District, Division Two.—February 10, 1932.]

THE PEOPLE, Respondent, v. VINCENT MARSH et al., Defendants; ANDREW MARQUISE, Appellant.

Richard H. Cantillon and Milan Medigovich for Appellant.

U. S. Webb, Attorney-General, and Frank Richards, Deputy Attorney-General, for Respondent.

FRICKE, J., *pro tem.*—Defendant was convicted by verdict of a jury of robbery in the first degree and burglary in the first degree, both offenses arising out of the same transaction.

The evidence for the People showed that, about 12 o'clock on the night of April 21st and 22d, Dr. J. D. Dunshee, his wife, Mrs. Erol R. Dunshee, his son, Wade A. Dunshee, and

Mrs. Byrd Ells were at the doctor's home. The doorbell rang and, when the doctor went to the door, one Vincent Marsh said he would like to see the doctor. When the doctor invited him in two other boys stepped into the house with him and at the same time Marsh pointed a gun at Dr. Dunshee. Marsh told the other two boys to go ahead and they went down the hall and returned about ten minutes later. Marsh ordered Dr. Dunshee, the ladies and son into a closet and, after remaining there about ten minutes, the party left the closet, at which time the doctor saw the three men run to their car. An automatic pistol, some $3 in change, a health officer's badge, a watch and a can of alcohol were stolen by the robbers. The watch was later found in a pawnshop where it was pawned on April 22d by one Lawrence H. Markell who testified that he did so for appellant from whom he had received it and with whom he divided the proceeds. ▮ Dr. Dunshee testified that he was as certain as he could be of anything that appellant was one of the men who entered his home with Vincent Marsh and appellant was also identified by Mrs. Ells as one of the robbers. The other persons present, the doctor's wife and son, testified that they were unable to identify appellant as one of the men but did state that he resembled one of them. The identification of appellant as one of the principals in the crimes charged is more than sufficient. The mere fact that other persons present were not able to identify appellant does not substantially tend to prove that he was not one of the bandits. ▮ Appellant attempted to prove an alibi by testifying that he was in bed at the Paramount Hotel at 12 o'clock on the night in question and attempted to corroborate this by a witness who testified that she telephoned to the Paramount Hotel at about 12 o'clock and that the person who answered the telephone replied that Andrew Marquise was asleep and could not be disturbed. Even ignoring the fact that this corroboration was pure hearsay it is entitled to little weight and is more than overcome by the absence of any witness from the hotel who might have knowledge of appellant's presence there. Appellant testified that before going to bed he spoke to the hotel clerk and had been watching some of the boys play cards, but none of these persons was called as a witness. At most, the defense testimony produced a conflict and the

verdict of the jury is conclusive on appeal when, as here, it is amply supported by the evidence. (*People* v. *Farrington,* 213 Cal. 459 [2 Pac. (2d) 814]; *People* v. *Oakleaf,* 66 Cal. App. 314 [226 Pac. 24]; *People* v. *North,* 81 Cal. App. 113 [252 Pac. 1063].)

■ The only other point raised by appellant is that the district attorney was guilty of misconduct during the cross-examination of the appellant after he had shown him a picture of his cousin, Tully Gargano. There was no objection to this showing of the picture but an objection was sustained by the court to an inquiry as to when appellant had last seen Mr. Gargano. The district attorney then, addressing his remarks to the court, stated in effect that he was seeking to prove that appellant and two others had been engaged in a conspiracy to commit a robbery and burglary, that there had been proof that Marsh was one of the three, that the photograph had been identified by several of the victims as the third man in the robbery and that he, the district attorney, was seeking to show when appellant had last seen Gargano. This statement is charged as being misconduct. The court's ruling in sustaining the objection was upon the ground that the question was not proper cross-examination. It appears that appellant, during his testimony in chief, stated that he had never been to the house of Dr. Dunshee either alone or in company with anybody else and also gave his version as to where and with whom he had spent the night of April 21st and 22d. Obviously this testimony was proper subject matter for cross-examination and an inquiry as to whether appellant had not been in the company of Gargano on the night of April 21st and 22d would have been proper. The question to which objection was sustained, "When did you see Mr. Gargano last?" was merely a different method of approach to this line of proper examination. In *People* v. *Creeks,* 170 Cal. 368, 379 [149 Pac. 821, 825], the court quotes with approval from *People* v. *Gallagher,* 100 Cal. 475 [35 Pac. 80], "Any question which would have the tendency to elicit from him the whole truth about any matter upon which he had been examined in chief, or which would explain, or qualify, or destroy the force of his direct testimony . . . would be legitimate cross-examination." In *People* v. *Ryan,* 199 Cal. 513, 522 [250 Pac. 164], the defense to the charge of extortion was that

of an alibi. The complaining witness testified that, at the time of the extortion, the defendant had showed a scar on his abdomen. Although the defendant had testified that he had never seen the complaining witness the court held that an inquiry, on cross-examination of defendant, as to whether he had such a scar was clearly within the proper scope of cross-examination. In *People* v. *Mayen*, 188 Cal. 237, 257 [24 A. L. R. 1383, 205 Pac. 435], the court said, "A defendant cannot by testifying to a state of things contrary to and inconsistent with the evidence of the prosecution, thus indirectly denying the testimony against him, but without testifying expressly with relation to the same facts, limit the cross-examination to the precise facts concerning which he testifies. He can be cross-examined with respect to the facts or denials which are necessarily implied from the testimony in chief as well as with respect to facts which he expressly states." (See, also, *People* v. *Wong Toy*, 189 Cal. 587 [209 Pac. 543]; *People* v. *Jo Fong*, 59 Cal. App. 259 [210 Pac. 548]; *People* v. *Teshara*, 141 Cal. 633 [75 Pac. 338].) The question having been a proper one, the charge that the district attorney was guilty of misconduct in asking it and in making his argument to the court urging the propriety of such cross-examination is without merit. In an argument addressed to the court, "it could not be said to be improper if the district attorney frankly states his reason why certain evidence should be admitted". (*People* v. *Knox*, 75 Cal. App. 1 [241 Pac. 928, 931]; see, also, *People* v. *Berg*, 96 Cal. App. 430 [274 Pac. 433].)

The judgment and order denying a new trial are affirmed.

Craig, Acting P. J., and Thompson (Ira F.), J., concurred.