[Civil No. 4479. Filed February 23, 1943.]

[134 Pac. (2d) 156.]

MARICOPA UTILITIES CO., a Corporation, et al., Appellants, v. W. M. CLINE and B. V. CLINE, His Wife, Appellees.

210

Messrs. Woolf & Shute, for Appellants.

Messrs. Cox & Cox and Mr. Herbert Watson, for Appellees.

STANFORD, J.—On June 3, 1940, appellees moved into a community east and adjacent to the City of Phoenix, and the first part of July, 1940, commenced buying their domestic water from the Maricopa Utilities Co., owned at that time by Charles A. Estey and Ira W. Bellinger. The place of residence of the appellees was 1905 East Grant Street, in the Rayburn Tract. The said Charles A. Estey, in the month of September of that year, applied to the Arizona Corporation Com-

mission for a Certificate of Convenience and Necessity for the operation of a water utility under the name of Maricopa Utilities Co., for the purpose of furnishing domestic water to their customers, especially in the said Rayburn Tract; that said certificate was granted on the 30th day of September, 1940. About the time of their application for same the said Estey and Bellinger entered into a contract of employment with appellants H. W. Wittman and Edwin C. Hoelzen to operate said utility, which contract was dated September 25, 1940, and to run for a period of five years beginning September 1st of said year.

The appellees made their first purchase of water at the rate of $2 per month in the early part of July. On the 20th day of September they made a payment of $6 for water service, being payment to January 1, 1941.

The order of the Arizona Corporation Commission, granting the aforesaid Certificate of Convenience and Necessity included the following paragraph:

"A prompt payment deposit of $5.00 will be collected for each single residence. A deposit of an amount equal to an average two months bill will be collected in all other cases."

Appellees brought their action for damages alleging that the appellants wrongfully cut off their water thereby causing great inconvenience in the procuring of the necessary drinking and domestic water, and caused appellees to suffer great mental and physical pain and anguish and they were greatly humiliated, all to the damage of $2,000.

Appellants allege in their answer that on the 11th day of October, 1940, acting under the power and authority of the aforesaid contract and in accordance with the order of the Arizona Corporation Commission, they notified their customers, including the appellees herein, of the action of the Arizona Corporation Commission, and included in the letter the paragraph heretofore re-

ferred to concerning prompt payment deposit, and again on November 2, 1940, the appellees, having failed to make said deposit, were notified that on the 18th day of October, unless the payment was made, the water service would be discontinued, and the deposit not having been made, on the 18th day of November the appellants did discontinue the water service.

In the trial of this cause verdict for the appellees was rendered by a jury in the sum of $200 as damages.

The contentions of the appellants are:

First: That when the Arizona Corporation Commission enters a valid order in the exercise of its power to fix rates and regulate public service utilities, such order is binding on everyone, whether parties to the hearing in which it was made or not, and such order has the force and effect of a statute.

Second: That where the appellee admits that he has notice of an order of the Arizona Corporation Commission requiring a guarantee deposit to be made and his water service is discontinued for a failure to make such deposit, it is the duty of the court to instruct the jury to return a verdict for the appellant.

Third: That where the trial court tells the jury as in this case, ''I think there is a corresponding duty on the part of defendants in some way to let the plaintiff know that this five dollar deposit was due and was supposed to be paid,'' it is an invasion of the jury's duty, and a comment on the evidence.

Fourth: That the court should have given a proper instruction covering the plaintiffs' measure of damages, whether asked or not.

As the appellants take their propositions of law Nos. 1 and 2 together, we, likewise, will dispose of them together.

Counsel for both appellants and appellees agree on the rule laid down in the case of *Midland Realty Co.* v. *Kansas City P. & L. Co.,* 300 U. S. 109, 57 Sup. Ct. 345,

81 L. Ed. 540, to the effect that a rate established by a Corporation Commission supersedes a prior unexpired contract and has the same force and effect as directly prescribed by the legislature, except that appellees herein claim that the order would not relieve the utility of some duty in reference to funds of the consumer which it had on hand under a prior unexpired contract; that some notice must be given.

Testimony was given at the trial of this cause by Hazel Queen, a bookkeeper in the office of the appellants, that notice of the order of the Corporation Commission was sent by mail to the appellee, W. M. Cline; that there being no response to that notice, that later a cut off notice was sent. In the first notice, or letter, was embodied the order of the Corporation Commission containing rates, rules and regulations, and among the same being the paragraph in reference to prompt payment as above quoted.

While the appellees claim they never received the notice, yet we find from the evidence that on the 18th day of November when the water was cut off, the following appears by Mrs. Cline's testimony:

"Q. Then, as I take it, from the 18th until the 26th, eight days, you didn't do anything about getting water at all?  A. No.

"Q. Where did you get the water during the interval? . . .  A. Got it at Mrs. Truman's.

"Q. That is your next door neighbor?  A. Yes."

Mrs. Cline also testified at the trial as follows:

" . . . When they cut the water off I thought it was a mistake and so I didn't come up town and notify them until rent day. That was the 26th of November and I came up."

The Clines also testified that they hauled water by small wagon after the 26th day of November.

This court takes judicial notice of the fact that between the 18th of November and the 1st day of

January is the coldest weather we have in the vicinity of Phoenix; that but little water is needed during that time for human or plant consumption. The mere fact that the appellees did not make a move to make inquiry as to why the water was cut off for the first eight days, or from the 18th of November to the 26th of November, in itself indicates that they were not greatly worried about the fact that the water was cut off, and in their association with neighbors and their chances to procure information about the water system, to say nothing about the letters mailed, or a conversation their attorney had with the office of this appellant on the 26th day of November, leads us to believe that sufficient notice was given unto them, or the road stood open to know why they were deprived of their water.

Notice is the important matter in this case, notice of the fact that there was a guarantee sum, or prompt payment deposit of $5 to be met by the appellees, and we hold that the fact that they did not make the payment was a lack of due diligence on their part when everything in the evidence points to the fact that they were surrounded with a chance to know why their water was cut off, and it was their duty, under the law, to make inquiry. The rule is declared in the following:

"Notice of facts and circumstances. which would put a man of ordinary prudence and intelligence on inquiry is . . . equivalent to knowledge of all of the facts a reasonably diligent inquiry would disclose." *Schneider* v. *Henley,* 61 Cal. App. 758, 215 Pac. 1036, 1038.

As to appellants' contention No. 3 in reference to the comment by the judge of the trial court on the facts, we hold there was no comment in view of the fact that a trial court must have some latitude in expressing itself in order to declare the law. We do not see, however, that it was a comment on the facts of the case.

As to appellants' contention No. 4, in this case we cannot support the court below in the matter of its

instructions on the subject of the measure of damages. We do agree with the cases of *Henrici* v. *South Feather Land & Water Co.*, 177 Cal. 442, 170 Pac. 1135, and with the case of *Severini* v. *Sutter-Butte Canal Co.*, 59 Cal. App. 154, 210 Pac. 49, setting forth the rule that ''When there is such inconsequential difference between the parties the law expects the one who has great interest at stake to yield in order to save excessive damages and costs.'' In these cases proper instructions were given on the subject of minimizing damages.

The judgment of the lower court is reversed.

McALISTER, C. J., and ROSS, J., concur.