[Crim. No. 1308.  Second Appellate District, Division One.—September 14, 1926.]

THE PEOPLE, Respondent, v. RUSSELL S. FOSTER, Appellant.

[1] Criminal Law—Embezzlement—Evidence.—In a prosecution for embezzlement, the admission, over defendant's objection, of evidence of the fact that after the offense had been committed a codefendant failed to keep an appointment which he had made to meet a certain person was not prejudicial to defendant.

[2] Id. — Reputation — Evidence. —In such prosecution there was no abuse of the discretion vested in the trial court in not permitting a character witness to testify regarding the general reputation of defendant for "truth, honesty and integrity," where on the *voir dire* of the witness the fact was developed that the witness had never heard the reputation of the defendant discussed and did not know his general reputation in the community, but proposed to base his testimony solely upon his own opinion regarding the traits of the defendant's character which were involved in the case.

[3] Id.—Conversation Involving Other Crimes—Evidence—Conspiracy.—In such prosecution, the trial court did not err in admitting in evidence, over the objection of defendant, a certain conversation had between defendant and one of the witnesses relating to other crimes committed by defendant, where such conversation was but part of a general conversation which tended to prove that a conspiracy existed between defendant and his co-defendant to commit the offense of which they were subsequently convicted.

[4] Id.—Evidence Involving Independent Offense — Admissibility of.—Where offered evidence is material to the issue before the court, the fact that such evidence tends to show the commission of an independent offense presents no valid reason against its admissibility.

[5] Id.—Evidence—Absence of Authority—Presumptions.—In such prosecution, where the defendant suggests, without assigning any reason or authority therefor, that the trial court erred in admitting in evidence certain conversations had between his codefendant and one of the witnesses introduced by the prosecution, it must be assumed that defendant has no confidence in the correctness of his position.

[6] Id.—Payment of Checks After Commission of Crime—Immateriality of Evidence.—In such prosecution, whether after the alleged crime was committed defendant had paid certain "bad

checks" which theretofore had been issued by him, or whether the
check in question thereafter had been paid, was wholly immaterial.

[7] ID.—FLIGHT—EVIDENCE—RECORD.—In such prosecution, defendant's
point that the trial court erred in refusing to permit him to show
that on his departure from the state he left a forwarding address
with an employee of a hotel at which he had been rooming, can-
not be considered on appeal, where the record is silent as to any
questions having been asked in connection with such subject.

[8] ID.—WITNESSES—INTEREST—EVIDENCE.—In such prosecution, the
defendant was not harmed by the trial court's refusal to permit a
question which would have shown the interest of a witness, where
the interest of such witness had been theretofore conclusively
shown.

[9] ID.—TELEGRAMS—CONCLUSIONS OF WITNESS—EVIDENCE.—In such
prosecution, the trial court did not err in its refusal to permit a
witness to testify on cross-examination as to whether he had ever
seen certain "telegrams from Mr. Wise," or whether he had ever
seen a telegram "with the signature of A. A. Wise on it," where
no foundation was laid for such questions, and such questions
relating to the matter called for conclusions of the witness.

[10] ID.—CHECK SHEETS—EVIDENCE.—In such prosecution, defendant
could not have been seriously prejudiced by the action of the
trial court in admitting in evidence, over defendant's objection,
certain "check sheets," where such "check sheets" were brought
into court on suggestion of defendant's counsel, who had cross-
examined one of the witnesses concerning the checks and the sub-
ject matter therof.

[11] ID.—CONSPIRACY—EVIDENCE.—In such prosecution, the trial court
properly denied defendant's motion to strike from the record all
testimony relating to an alleged conspiracy between defendant and
his codefendant, where sufficient evidence was presented on the
question of whether a conspiracy existed between the two defend-
ants to entitle it to go to the jury.

[12] ID.—FINANCIAL RELATIONS—EVIDENCE.—In such prosecution, the
defendant was not prejudiced by the trial court's refusal to per-
mit the defendant to show the financial relations existing between
himself and his codefendant.

[13] ID. — USE OF ASSUMED NAME — EVIDENCE. — In such prosecution,
the defendant should not be heard to complain of the refusal to
allow him to explain how it happened that he was using an as-
sumed name, where evidence that he was going under an *alias*
name was introduced by himself and no duty rested on defendant
to introduce such evidence, and so far as his defense was con-
cerned such evidence was immaterial.

[14] ID.—PREVIOUS BUSINESS—HEALTH—EVIDENCE.—In such prosecu-
tion, no prejudice resulted to defendant by reason of the action

8.  See 8 Cal. Jur. 619.

of the trial court in sustaining objections to questions relating to defendant's previous business and his state of health.

[15] Id.—Voluntary Return to Face Charges—Evidence.—In such prosecution, assuming that defendant should have been permitted to show that he voluntarily returned to this state to face the charges which had been preferred against him, it cannot be said that the assumed error in denying him the right to make such showing was of such material consequence that it resulted in a miscarriage of justice.

[16] Id.—Instructions.—In such prosecution, no error was committed by the trial court in refusing to give to the jury each of two instructions requested by defendant, where, as to the first of such instructions, the substance thereof was covered by other instructions which the court gave to the jury, and as to the other instruction no evidence was introduced by either side upon which it could be based.

[17] Id. — Conspiracy — Instructions. — In such prosecution, it was proper for the trial court to give instructions to the jury covering the general subject of conspiracy by the defendants to commit the crime charged, where the evidence in part tended to show that defendant and his codefendant had entered into some sort of an agreement or arrangement to appropriate to their own use the check which had been received by the codefendant for the use and benefit of a third person.

[18] Id.—Verdict—Evidence.—In such prosecution, the point that the evidence was insufficient to support the verdict against defendant because his codefendant testified that defendant was in no way connected with the crime charged is untenable.

[19] Id.—Forgery Charge—Disagreement of Jury—Effect of.—In such prosecution, the fact that the jury disagreed on the charge of forgery against defendant and his codefendant proves nothing; nor can any presumption arise therefrom.

[20] Id.—Embezzlement—Evidence.—In such prosecution, the state of the evidence is such that the jury was warranted in concluding that the crime of embezzlement had been committed.

---

(1) 17 C. J., p. 317, n. 10.   (2) 40 Cyc., p. 2199, n. 34, 35.   (3) 16 C. J., p. 588, n. 8.   (4) 16 C. J., p. 588, n. 8.   (5) 17 C. J., p. 189, n. 87, p. 190, n. 91.   (6) 20 C. J., p. 483, n. 40.   (7) 17 C. J., p. 171, n. 31.   (8) 17 C. J., p. 335, n. 13.   (9) 16 C. J., p. 747, n. 47. (10) 17 C. J., p. 211, n. 4.   (11) 20 C. J., p. 488, n. 71.   (12) 17 C. J., p. 333, n. 95.   (13) 17 C. J., p. 211, n. 5.   (14) 17 C. J., p. 333, n. 95.   (15) 17 C. J., p. 368, n. 5.   (16) 16 C. J., p. 1045, n. 39, p. 1063, n. 85.   (17) 16 C. J., p. 972, n. 78.   (18) 17 C. J., p. 255, n. 53; 20 C. J., p. 407, n. 1, p. 410, n. 6, p. 488, n. 71.   (19) 20 C. J., p. 486, n. 60.   (20) 16 C. J., p. 1108, n. 37.

16.  See 8 Cal. Jur. 314, 321; 14 R. C. L. 752, 786.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. Sidney N. Reeve, Judge. Affirmed.

The facts are stated in the opinion of the court.

Homer C. Mills for Appellant.

U. S. Webb, Attorney-General, and John W. Maltman, Deputy Attorney-General, for Respondent.

HOUSER, J.—Russell S. Foster, prosecuted under the name of Frank E. Gallagher, was convicted of the crime of embezzlement. He appeals from the judgment and from an order denying his motion for a new trial.

Appellant was jointly charged with one Allen, whose true name was Abraham Goldstein. It appears that Allen was an employee of a man named Wise who had his office in a room in a certain hotel; that defendant Gallagher also had a room in the same hotel and was considerably in arrears on account of his room rent, cash advanced, etc.; that in the regular conduct of the business in which Wise was engaged, and in his absence, a certain check was received by Allen for the use and benefit of Wise; that Allen's only authority in the premises was to deposit such check in a certain bank to the credit of Wise; that defendant Gallagher, on being approached by the credit manager of the hotel regarding the payment of his back room rent, etc., stated that because a number of bank checks which theretofore he had given in attempted liquidation of his indebtedness to the hotel had been returned from the bank on which such checks were drawn, marked "No Account," he was making arrangement with Wise to "take care of" the matter and settle such indebtedness; and in a subsequent conversation Gallagher stated to such credit manager that Wise was forwarding a check. Shortly thereafter defendant Allen presented to the credit manager the check which theretofore had been received by him for the account of Wise, and stated that he would like to have Gallagher receive $100 on the check and that the balance thereof should be applied on account of the checks which Gallagher had cashed at the hotel, but which had

not been honored by the bank on which they had been drawn; which request was later changed so that instead of $100 to be paid to Gallagher, he was to be given $25, with which modified request the credit manager of the hotel complied—defendant Allen and defendant Gallagher indorsing the check. The authority of defendant Allen to so use the check which had come into his possession having been repudiated by Wise, the arrest, prosecution, and conviction of both Allen and Gallagher followed.

[1] Appellant Gallagher presents many assignments of alleged prejudicial error, the first of which being that, over ·the objection of defendants, evidence was admitted of the fact that after the offense had been committed defendant Allen failed to keep an appointment which he had made to meet a certain person. The significance of the circumstance is not apparent; nor has counsel for appellant directed attention to any connection which it may have with the case. So far as this court is able to determine, the evidence was immaterial, excepting possibly from a standpoint of showing guilty knowledge on the part of defendant Allen; but the probability that such evidence had any influence upon the verdict is most remote and can be regarded only as of little, if any, consequence.

[2] The next specification of error to which the attention of this court is directed is that one of the witnesses produced by defendants was not permitted to testify regarding the general reputation of defendant Gallagher for "truth, honesty and integrity." On *voir dire* examination of the witness the fact was developed that the witness had never heard the reputation of the defendant discussed and did not know his general reputation in the community, but proposed to base his testimony solely upon his own opinion regarding the traits of defendant's character which were involved in the case. In such circumstances it would appear that there was no abuse of the discretion vested in the trial court in passing adversely upon the qualification of the witness to answer the question.

[3] Appellant's third specification of error, as well as several other specifications of like nature, is that the trial court erred in admitting in evidence, over the objection of defendants, certain conversation had between defendant Gallagher and one of the witnesses relating to other crimes

committed by said defendant Gallagher. An examination of the reporter's transcript discloses the fact that the conversation to which appellant refers was but a part of a general conversation which tended to prove that a conspiracy existed between defendant Allen and defendant Gallagher to commit the offense of which they were subsequently convicted. [4] Moreover, the rule is thoroughly established that where offered evidence is material to the issue before the court, the fact that such evidence tends to show the commission of an independent offense presents no valid reason against its admissibility. (*People* v. *Ebanks,* 117 Cal. 663 [40 L. R. A. 269, 49 Pac. 1049]; *People* v. *Nakis,* 184 Cal. 105 [193 Pac. 92]; *People* v. *Cunningham,* 66 Cal. 670 [4 Pac. 1144, 6 Pac. 700]; *People* v. *Oakleaf,* 66 Cal. App. 314 [226 Pac. 24].)

[5] Without assigning any reason or authority therefor, appellant suggests that the trial court erred in admitting in evidence certain conversations had between defendant Allen and one of the witnesses introduced by the prosecution. It must therefore be assumed that appellant has no confidence in the correctness of his position. However, on consideration of the matter involved, in view of the entire evidence in the case, it would seem that no valid objection could be interposed by defendant to the admission of the testimony to which he refers.

[6] Appellant also makes the point that error was committed by the trial court in refusing permission to defendant to ascertain on cross-examination of a witness whether certain "bad checks" theretofore given by defendant Gallagher, as well as the check which was the basis for the prosecution of defendants Allen and Gallagher, thereafter had been paid. It need only be said that the charge against defendant was that of embezzlement, and consequently whether after the alleged crime was committed defendant had paid certain "bad checks" which theretofore had been issued by him, or whether the check in question thereafter had been paid, was wholly immaterial.

[7] A part of the circumstantial evidence against defendant Gallagher was that shortly after the offense was committed he somewhat hurriedly left the state of California. He now specifies error in that the trial court refused to permit him to show that on his departure he left

a forwarding address with an employee of the hotel at which he had been rooming. The transcript of the record of the proceedings had on the trial fails to verify appellant's position. While it may have been the intention of counsel representing defendant to propound questions to a witness or witnesses to develop the fact here suggested by him, the record is silent as to any such questions having been asked. The point, therefore, cannot be considered.

[8] It is contended by appellant that the trial court erred in refusing to permit a witness (who was employed at the hotel) to state whether the hotel "was holding Mr. Gallagher's trunks" and certain other of his effects. While in strictness, for the purpose of showing interest of the witness, it may be that defendant was entitled to an answer to the question, for the reason that theretofore in the evidence of the case the interest of the witness already had been conclusively shown, the refusal by the court to admit additional evidence on the point, which at most would merely have been cumulative, worked no hardship on defendant.

[9] Another specification of error by appellant is that the trial court erred in its refusal to permit a witness to testify on cross-examination as to whether he had ever seen certain "telegrams from Mr. Wise," or whether he had ever seen a telegram "with the signature of A. A. Wise on it." The record shows that no foundation was laid for such questions, and that such objection was properly sustained on the ground that the questions relating to the matter called for conclusions of the witness.

[10] Appellant also claims to have been prejudiced by the action of the trial court in admitting in evidence, over defendant's objection, certain "check sheets." These check sheets had been brought into court on suggestion of defendant's counsel, who had cross-examined the witness Leslie concerning the checks and the subject matter thereof. After such examination, the formal admission of these "check sheets," even if erroneous, could not have been seriously prejudicial to the defendant.

[11] Appellant also assigns as error the order of the court denying his motion to strike from the record all testimony relating to an alleged conspiracy between himself and

defendant Allen. We are of the opinion that the motion in question was properly denied for the reason that from the conduct of appellant and defendant Allen at the time the check in question was appropriated and cashed, as well as from certain conversations had between them and some of the witnesses who testified on the trial, sufficient evidence was presented on the question of whether a conspiracy existed between the two defendants to entitle it to go to the jury.

[12] Prejudicial error against defendant Gallagher is also claimed by appellant in that the trial court refused permission to said defendant to show the financial relations existing between the two defendants. The attention of this court is not directed to the bearing which such evidence would have upon the question of either the guilt or the innocence of either of the defendants as to the charge of embezzlement. It would at least appear to have been of no great consequence and could not have vitally affected defendant's case.

[13] On direct examination appellant was asked if Frank Gallagher was his "right name"; to which question he replied that his true name was "Russell S. Foster of Virginia." Appellant now urges that the trial court erred in refusing to allow him to explain how it happened that he was using an assumed name. Evidence that appellant was going under an *alias* name was introduced by himself. In such circumstances it is difficult to understand on what theory defendant can now claim that his rights were invaded by the action of the court of which he complains. No duty rested on defendant to introduce evidence of the fact that his true name differed from that under which he was being prosecuted. So far as his defense was concerned, such evidence was immaterial, and to allow him not only to introduce immaterial evidence, but as well to go into an explanation thereof, over objection by the opposing party, would be a procedure contrary to the ordinary rules governing the introduction of evidence. It is possible that some harm resulted to defendant by reason of the circumstance, but, if so, it was brought about solely by defendant himself, and we think he should not be heard to complain of the result.

[14] Appellant specifies further alleged error by the trial court for the reason that by its orders objections were sustained to questions propounded to certain witnesses through which defendant expected to establish what "terminated appellant's business in 1915"; how much of the time during the ten years last past appellant had spent at the Alexandria Hotel; what was the state of appellant's health during the years preceding his trial; what his occupation had been "for the past ten years and during the year previous to his arrest"; and as to appellant's business with the hotel prior to December 5, 1924. Just what bearing any possible answer to either or all of such questions would have had upon the charge of embezzlement against defendant is not pointed out. So far as we are able to determine, no prejudice resulted to defendant by reason of the action of the trial court in sustaining objections to the questions to which reference has been had.

[15] It is next contended by appellant that the trial court erred in sustaining objections to questions seeking to establish the fact that defendant did not resist extradition. In view of the condition that theretofore some evidence had been introduced by the prosecution tending to show flight of defendant, it would seem proper that he should be permitted to rebut any inference of a guilty mind which might be deducible from such circumstance by showing his complete willingness to return to the scene of the alleged crime. The weight of authority is perhaps in favor of appellant's contention. (*LaFell* v. *State,* 69 Tex. Cr. 307 [153 S. W. 884]; also, cases cited in footnote, 20 L. R. A. (N. S.) 409.) (But, to the contrary, see *Rogers* v. *Commonwealth,* 161 Ky. 754 [171 S. W. 464].) Assuming that defendant should have been permitted to show the fact that he voluntarily returned to Los Angeles to face the charges which had been preferred against him, we cannot say that such assumed error was of such material consequence that it resulted in a miscarriage of justice. (Sec. 4½, art. VI, Const.)

[16] Appellant complains of the action of the trial court in refusing to give to the jury each of two instructions which were requested by defendant. As to the first of such instructions, it appears that in meaning and intent the substance thereof was covered by other instructions

which the court gave to the jury. As to the other of such instructions, no evidence was introduced by the People or by either of the defendants upon which the requested instruction could be based. It is therefore clear that in that regard no error was committed by the trial court.

[17] It is appellant's contention that the trial court erred in giving to the jury two instructions covering the general subject of conspiracy by the defendants to commit the crime charged, for the reason that the evidence "was insufficient to disclose a conspiracy between Allen and the appellant." Without setting forth herein the details of the evidence relating thereto, it may suffice to state that in part it tends to show that appellant and Allen had entered into some sort of an agreement or arrangement to appropriate to their own use the check which had been received by Allen for the use and benefit of Wise. In such circumstances it was a question upon which the jury was authorized to pass, and in order to do so intelligently it was proper that it should be instructed regarding the law covering the situation.

Appellant finally urges that the evidence was insufficient to support the verdict because defendant Allen testified that defendant Gallagher was in no way connected with the crime involved in the controversy; because the crime, if any, was larceny and not embezzlement; and because as to the second count in the indictment by which both defendants were charged with the crime of forgery the jury disagreed.

[18] We are of the opinion that none of such reasons is tenable. In view of the circumstantial evidence in the case, the fact that the codefendant of appellant assumed responsibility for the commission of the offense was not conclusive. The jury had the right and upon it was thrust the duty of determining the ultimate fact or conclusion as to the guilt of defendant Gallagher. If the incriminating evidence was sufficient and convinced the jury of his guilt beyond a reasonable doubt, this court has no authority to disturb the verdict. The point that the offense, if any, was larceny and not embezzlement, is largely disposed of by the definition of embezzlement found in section 503 of the Penal Code, as follows: "Embezzlement is the fraudulent appropriation of property by a person to whom

79 Cal. App.—22

it has been intrusted." The attention of this court is not directed to any evidence which would require the conclusion that as to defendant Allen the intent to wrongfully appropriate the check in question was present in his mind before the check was received by him. To the contrary, certain inferences to be drawn from the evidence (including the testimony of defendant Allen) are that the check was received by Allen in due course of his employment, and that not until after its receipt by him did he conceive the thought of misappropriating the check to the use of defendant Gallagher. [19] The state of the evidence is such that the jury was warranted in concluding that the crime of embezzlement had been committed.

[20] Finally, the fact that the jury disagreed on the charge of forgery against the defendants proves nothing; nor can any presumption arise therefrom. It is possible that on a retrial, with additional evidence, or on identical evidence, the jury might be convinced beyond a reasonable doubt that the crime of forgery had been committed. But assuming that a verdict of acquittal should be reached, such a result would not necessarily affect the verdict heretofore rendered on the charge of embezzlement. Under the facts of this case it is clear that the defendants might be innocent of the crime of forgery and yet be guilty of the crime of embezzlement.

We find no error in the record presented which would justify a reversal of the judgment.

It is ordered that the judgment and the order denying the motion for a new trial be and they are affirmed.

Conrey, P. J., and York, J., concurred.