[Crim. No. 1956. Third Dist. Aug. 30, 1946.]

THE PEOPLE, Respondent, v. EUNICE PERKINS, Appellant.

George Olshausen for Appellant.

Robert W. Kenny, Attorney General, and James O. Reavis, Deputy Attorney General, for Respondent.

PEEK, J.—By an information defendant was charged with the crime of manslaughter to which she entered a plea of not guilty. The jury found her guilty of the crime as charged, and from the judgment entered pursuant thereto and from the order of the trial court denying her motion for a new trial she prosecutes this appeal.

The record discloses substantial evidence of the following facts: Agnes C. Severy, aged 84, and her daughter, Mrs. Naomi Schroeder, were struck by a car driven by defendant while they were walking within a clearly marked pedestrian lane on Sonoma Street where it intersects Carolina Street, in the city of Vallejo. Mrs. Severy died as a result of the injuries thereby sustained, and Mrs. Schroeder was severely injured. Although the night was dark and misty, the intersection was well lighted by street lights and by light shining through the open doors of a church located at said intersection. Defendant's car, as it approached the intersection, was proceeding at a speed of 20 to 25 miles an hour and was being overtaken by another car driven by one Lotspeich. Almost simultaneous with the happening of the accident, the Lotspeich car passed within a few feet to the left of defendant's car. Defendant was watching this car and did not see the two women in the crosswalk, at least not until her passenger, a small boy in the rear seat, called out: "There is some ladies." Her car struck the two women, swerved sharply to

the right, and crashed into an automobile which was parked at the curb more than 40 feet beyond the intersection.

When testifying in her own defense, defendant admitted she was driving without an operator's license, that the brakes on her car were defective, and that she had been warned by her husband about driving the car with the brakes in that condition.

Defendant's first assignment of error is the refusal of the trial court to strike the testimony of a garage mechanic who examined the brakes on defendant's car after the accident. This witness testified that the brakes were "what might be termed inadequate" in that one application of the brake pedal would not brake the car but it would be necessary with the brakes in the condition in which they were that they be pumped at least three times before they produced any braking resistance at all. He explained that, according to the theory of hydraulic brakes, a master cylinder is filled with a hydraulic fluid; that by the pumping or pushing of the pedal the brake shoes in the wheels are expanded against the brake drums and thereby give more resistance; that at all times the shoes must be kept close enough to the drums so that they will hold by one stroke of the pedal, which is all that brakes in good condition require; and that if the brakes and shoes are allowed to become sufficiently worn the pedal must be pumped three or four times before the proper resistance is obtained.

Upon cross-examination, the witness admitted that he did not know the minimum stopping distance that a car traveling at the speed of 25 miles an hour would require according to the table contained in section 670 of the Vehicle Code which defines the standard of adequacy for automobile brakes.

Thereupon, counsel for defendant made a motion that the entire testimony of the witness be stricken, which motion was denied.

In excepting to this ruling, defendant appears to take the position that, although she does not challenge the qualification of the witness as an expert generally, she does deny the materiality of his statement or conclusion that the brakes on the car were "inadequate," on the ground that it is not tantamount to a statement that the brakes would not stop the car within the distance specified by the code—which was the only thing to which he could have testified and which could have had any evidentiary value—because the witness had admitted

he did not know what that distance was. Likewise on this same question she contends that the evidence given by this witness went beyond anything testified to by other witnesses, and therefore the refusal to strike it was prejudicial to her case, particularly in view of what she maintains was the uncertain state of the evidence on the question as to which of the two cars caused the death of Mrs. Severy.

The mechanical condition of the brakes on defendant's car, and the precise nature, extent and significance of the defects therein, were facts which the jury was entitled to know. This witness had observed such facts and was competent to testify to them. ■ It is the rule that ". . . foundational facts are distinct from the ultimate fact at issue and they may be established by the testimony of either lay or expert witnesses." (*People* v. *Gaines*, 1 Cal.2d 110, 115 [34 P.2d 146].) ■ Consequently, irrespective of the admissibility of the ultimate fact or conclusion that the brakes were inadequate, defendant's motion to strike the entire testimony of the witness was too broad and was therefore properly denied. (8 Cal.Jur. § 309, p. 243, and cases cited.)

■ In any event the evidence in question was merely cumulative, and therefore its admission was harmless (4 Cal. Jur. 10-Yr.Supp. (1943 rev.) § 599, p. 998.) The only part of the testimony of said witness that properly could be said to be objectionable under defendant's theory, or under any tenable theory, is his statement that the brakes were "inadequate." However, substantially the same kind of evidence was given by other persons who were not shown to be unfamiliar with the provisions of section 670 of the Vehicle Code. Thus, the two police officers assigned to the case testified that defendant's husband stated that the brakes were "not very good" as they had to be pumped up, and he knew they were "poor" at the time his wife took the car out in the night in question. One of these witnesses further testified that shortly after the accident he made an examination of defendant's car and found that the brake pedal when depressed went freely to the floor boards "with a thump." Another witness testified that "I was there and seen the fellow (apparently referring to the police officer who made the examination) trying the brakes and it had no brakes." Moreover, defendant, while testifying in her own behalf, not only admitted the making of the statements above mentioned to the police officers, and the fact that she had been warned about the

brakes and knew they were bad, but also testified that maybe it was necessary to pump once or twice before putting on the brakes, although she added ''but if you knew the car you would know how to stop it right then.'' She further testified that when she noticed the car which was passing her on the left she slowed down by applying the brakes, yet her car continued to travel alongside the other car all the way through the intersection and did not come to a stop until she crashed into the parked vehicle beyond the intersection.

In view of such evidence it does not appear that the refusal to strike the testimony of the automobile mechanic relative to the inadequacy of the brakes could have constituted prejudicial error. In a somewhat similar situation, the Supreme Court, in holding that the denial of a motion to strike certain portions of a witness's testimony was not error, stated:

''The motion was quite sweeping, but waiving all technical objections that might be made as to the form of the motion and conceding that error was committed in refusing to grant it, we cannot say that the verdict of the jury would have been different had the motion been granted. . . . The evidence objected to was merely cumulative, and could not have produced prejudicial error in the light of the other evidence, which was properly admitted.'' (*People* v. *McClennegen*, 195 Cal. 445, 472 [234 P. 91].)

Defendant's second assignment of error relates to the giving of the following instruction: ''You are instructed that Section 671 (b) of the Vehicle Code of the State of California reads, in part, as follows: The driver of a motor vehicle when reasonably necessary to insure safe operation shall give audible warning with his horn.''

It is defendant's contention that the evidence did not warrant the giving of this instruction and that the error in giving it was prejudicial, because it suggested that defendant had failed to comply with an additional statutory requirement, thereby leading the jury to find that it was her car and not Lotspeich's that caused the death of Mrs. Severy.

The rules relating to the sufficiency of evidence which will warrant the giving of an instruction in a criminal case have been thus stated:

''It is elementary that the court may instruct a jury upon any material question upon which there is any evidence deserving of any consideration whatever. The evidence need not be direct and positive in character, and the fact that it

is not of a character to inspire belief does not authorize the refusal of an instruction based thereupon, as this is a matter within the exclusive province of the jurors. It has been held that, however incredible the testimony of a defendant may be, he is undoubtedly entitled to an instruction based upon the hypothesis that it is entirely true.'' (8 Cal.Jur. § 371, p. 323.)

In other words, an instruction is supported if it addresses itself to any theory permissible under the evidence. (*People* v. *Hecker*, 109 Cal. 451, 465 [42 P. 307, 30 L.R.A. 403].)

The record discloses some evidence on the question of defendant's use of the horn. One of the witnesses testified that, when she walked over to defendant's car immediately after the accident, the latter said, repeating the words several times: ''I saw them and I blowed and blowed but they kept on going.'' Defendant, however, when testifying in her own behalf, denied having said this.

It is difficult to see how the jury could have been misled by this instruction. Other instructions charged that ''The presumption of innocence attaches at every stage of the case, and to every fact essential to a conviction''; that ''the violation of the statutory duty alone does not constitute wilful misconduct''; and that the act with which defendant was charged must have ''directly, immediately and proximately caused the killing.'' Still other instructions stated that the killing of a human being is excusable when committed by accident or misfortune, and without any unlawful intent, and not done in a cruel and unusual manner; and that a person is not capable of committing a crime who committed the act or made the omission charged through misfortune or by accident, when it appears that there was no evil design, intention or culpable neglect.

Defendant's argument to the effect that, save for such erroneous ruling of the trial court, the jury might have found that it was the Lotspeich car and not defendant's that caused the fatal injury, is without foundation. Even if full credence and effect be given to the testimony of the witness who stated that after defendant's car had struck one of the women ''the second car (Lotspeich's) hit her and moved her a little bit,'' and to testimony of another witness read into the record as having been given at the coroner's inquest, where the witness had testified that Lotspeich's car was very close to defendant's—a statement partially corroborated by defendant—

still this would not militate against a determination that the car driven by defendant struck Mrs. Severy and inflicted injuries which proximately resulted in her death. (*People* v. *Fowler,* 178 Cal. 657, 669-670 [174 P. 892]; *People* v. *Lewis,* 124 Cal. 551, 559 [57 P. 470]; *People* v. *Cobler,* 2 Cal. App.2d 375, 379 [37 P.2d 869]; 5 Am.Jur. § 791, p. 928. See, also, *People* v. *Pociask,* 14 Cal.2d 679, 687 [96 P.2d 788].) It was stipulated that Lotspeich's car gave no appearance of having been in a collision of any kind, and his conduct after the accident and his testimony at the trial are barren of any suggestion that he was responsible for Mrs. Severy's death. Nor did defendant, either at the time of the accident or of the trial, contend otherwise.

In short, the evidence of defendant's guilt, both on the question of proximate cause and on the question of culpability, is ample. Such being the case, any error in giving the instruction in question was harmless. (*People* v. *Fuller,* 216 Cal. 81, 94 [13 P.2d 689]; *People* v. *Salorse,* 62 Cal. 139, 144; *People* v. *Andrew,* 43 Cal.App.2d 126, 131 [110 P.2d 459]; *People* v. *Shellenberger,* 25 Cal.App.2d 402, 407-408 [77 P.2d 506]; *People* v. *Montoya,* 17 Cal.App.2d 547, 550 [62 P.2d 383]; *People* v. *Weaver,* 96 Cal.App. 1, 12 [274 P. 361].)

The decisions cited by defendant on this point are readily distinguishable from the present case. Those cases involved instructions on matters vital to the defense of the accused, and dealt with situations where the evidence for and against guilt was closely balanced, or where, had the erroneous instruction not been given, a different verdict would have been returned.

In the present case, the instruction may be said to come fairly within the issues raised. It deals with an incidental as distinguished from a fundamental question, and in the light of other instructions it would not have a tendency to mislead the jury, particularly not in the respect urged by defendant. The case is not a close one from any impersonal view; and we are satisfied that if this instruction had not been given the jury still would have returned the same verdict. This being true, we are of the opinion that no miscarriage of justice has resulted within the meaning of section 4½ of article VI of the Constitution.

The judgment and order are affirmed.

Adams, P. J., and Thompson, J., concurred.