[Crim. No. 4740. Second Dist., Div. Three. May 16, 1952.]

THE PEOPLE, Respondent, v. HENRY T. ROMERSA, Appellant.

174

Lauren M. Handley for Appellant.

Edmund G. Brown, Attorney General, and Dan Kaufmann, Deputy Attorney General, for Respondent.

WOOD (Parker), J.—Defendant was charged in two counts with violation of section 288 of the Penal Code. (Two girls were the alleged victims.) In a trial by jury he was found guilty as to the first count and not guilty as to the second count. Defendant's motion for a new trial "or in the alternative for modification of judgment [by reducing the offense to a misdemeanor]" was denied. A hearing was then had as to the issue of sexual psychopathy, and the court found that defendant was not a sexual psychopath. Defendant was sentenced to imprisonment in the state prison. Probation was granted upon the condition that he serve six months in the county jail. Defendant appeals from the order denying his motion for a new trial or for modification of the judgment.

Appellant contends that the trial court erred in refusing to give certain instructions requested by him, and in denying defendant's motion to modify the judgment by reducing the offense to a misdemeanor. He also contends that this court should so modify the judgment; and that the verdict is contrary to law and the evidence.

Appellant, 63 years of age, is a music teacher and the proprietor of a music store. His store is in the front part of a one-story building and his music studio is in the rear part of the building. Between the store and the studio there is a hallway which is about 11 feet square. The entrance to the studio is through the store and the hallway. At the rear of the store there is a door to the hallway, and at the rear of the hallway there is a door to the studio. The walls inside the studio were covered with soundproof material. The prosecutrix (in the first count), who was 8 years of age, had been taking clarinet lessons from appellant about three months. During the lessons appellant played an accompaniment on a saxophone, and they sat on chairs with a music rack in front of them. On March 16, 1951, about 3 p. m., the prosecutrix went with her mother to the studio for a music lesson. The mother of the girl remained in the store with appellant's wife. Appellant and the girl went into the studio. The two doors between the store and the studio were closed. About 20 minutes later appellant and the girl came into the store, and then she and her mother went home.

The girl testified that after she and appellant were in the studio, they played some of their pieces of music; they sat on chairs which were about half an inch apart; after about five minutes, appellant asked her if she wanted to rest and she

said, "Yes"; appellant laid his saxophone on a chair and put his arm around her neck, pulled her over and made her lean on him; he felt her chest and put his hand on her private parts; after that they played music; then appellant made her hold his private parts; then he gave her candy and told her not to tell anybody.

The mother of the girl testified that she had known the appellant about four years; appellant and the girl came out of the studio together and the witness noticed nothing unusual, but outside the building she noticed how upset the girl was; when they were a few steps from the building the girl told her mother that appellant had been "awful nasty"; there was candy in the girl's music case.

A police officer testified that, in the presence of another police officer, appellant told him that on the day of the alleged offense, while he was giving the girl a clarinet lesson, she became tired and rested her head on his chest; then he put his arm around her, and it was possible that he touched the outer portion of her thigh but he did not remember whether he did or not; and he did not intentionally touch her at any time in an improper way.

Defendant testified that he did not molest her or touch her body, and he did not exhibit his private parts to her; he did not remember telling the officer that the girl placed her head on his chest; and he did not tell him that he put his arm around her or that he might have touched her thigh. He testified further that he had been a music teacher for 22 years; he had known the family of the girl about four years, and during all that time he had been friendly with them; on Valentine's Day the girl brought him and his wife a valentine; thereafter he and his wife gave the girl some candy in return for the valentine; appellant also put candy on a cupboard in the studio; on the day of the alleged offense the girl acted as if she were tired; they sat on chairs, which were about 18 inches apart, and played about six pieces, which took about 20 minutes; she asked him why he would not give her the candy (which was on the cupboard), and he told her that he and his wife were not going to give her any more candy because her parents did not want them to give it to her; appellant then went into the store to get some music which the girl had said that she wanted, but that music was not there; the girl came out of the studio about three minutes later, and she and her mother then left the store; after they

left, appellant went back into the studio and observed that all the candy was gone.

 Appellant contends that the court erred in refusing to instruct the jury, as requested by him, to the effect that the jury might find defendant guilty of any offense which is necessarily included in the offense charged, and that the offense charged necessarily includes the offense of contributing to the delinquency of a minor, a misdemeanor, and that if the jury should be convinced beyond a reasonable doubt that the acts charged occurred and that defendant is not entitled to a complete acquittal, the jury is authorized to convict defendant only of contributing to the delinquency of a minor, which is a lesser offense than the offense charged. The offense of contributing to the delinquency of a minor is necessarily included in the offense defined in section 288 of the Penal Code. (*People* v. *Greer*, 30 Cal.2d 589, 600 [184 P.2d 512]), but the mere fact that it is so included does not require the court to give such an instruction as that requested by appellant. Whether the jury should be instructed to that effect depends upon the circumstances and evidence in the particular case under consideration. ''In a criminal case instructions are to be given or refused with reference to the facts introduced before the jury.'' (*People* v. *McCoy*, 25 Cal.2d 177, 188 [153 P.2d 315].) In the present case appellant denied that he committed any act which would constitute the offense charged or any lesser offense. He did not present his defense on a theory that an act committed by him might be such lesser offense. In support of his argument that his requested instructions should have been given, he cites section 1159 of the Penal Code which provides: ''The jury may find the defendant guilty of any offense, the commission of which is necessarily included in that with which he is charged, or of an attempt to commit the offense.'' In *People* v. *McCoy*, *supra*, it was stated at page 194 that said section 1159 contemplates the conviction of a defendant for the lesser offense ''when the evidence is insufficient to justify a conviction for the greater offense charged.'' In the present case, the evidence was sufficient to justify the conviction of violation of section 288 of the Penal Code. If the acts occurred which the girl testified did occur, the appellant was guilty of the offense charged. Appellant asserts that not all of the acts related by the girl were felonious, and in that regard he refers to such acts as feeling her chest, making her lean on him, putting his arm around her and pulling her over. It seems to be his

argument that the jury might have believed that the last mentioned acts or some of them occurred and that the more serious acts related by her did not occur, and in that event he would not be guilty of a felony. The jury was instructed, at the request of appellant, that in order to justify a conviction upon the charge of violating said section 288 each of the following elements of the offense must be proven to a moral certainty and beyond a reasonable doubt: First, a lewd or lascivious act, that is, an act which is lustful, immoral, seductive, or degrading. Second, committing the act with the body or any part thereof of a child under 14 years of age. Third, the act must have been committed with the intent of arousing or appealing to the lust or sexual desires of the accused or the child. The jury was further instructed, at appellant's request, that if the evidence fails to convince the jurors beyond a reasonable doubt that every element of the offense has been so proven then they should acquit the appellant. Under those instructions and any reasonable view of the evidence which the jury could have adopted, the appellant was either guilty of the offense charged or not guilty of any crime. It was not error to refuse to instruct the jury as requested regarding a lesser included offense. Furthermore, the said instruction last above referred to (wherein the jurors were instructed to acquit the appellant if the evidence did not convince them beyond a reasonable doubt that every element of said section 288 had been proven) was in conflict with appellant's other requested instructions to the effect that the jury might find him guilty of a lesser offense. The judge did not err in selecting that last mentioned instruction, requested by appellant, which appeared to be consistent with the evidence and appellant's theory of defense (that he should be acquitted of all offenses), and in rejecting the other instructions requested by him, regarding a lesser offense, which were in conflict therewith.

Appellant contends further that the court erred in refusing to give adequate cautionary instructions as requested by him. He argues in effect that the court should have instructed the jury further on the presumption of innocence and reasonable doubt, and on examining with care and caution the testimony of the prosecuting witness and on viewing with caution testimony of the police officer relating to an oral admission. The jury was instructed properly as to the presumption of innocence, as to reasonable doubt, and the burden of proof. It was instructed further to the effect that

if the evidence is susceptible of two constructions which appear to be reasonable, one of which points to the guilt of defendant and the other to his innocence, it is the duty of the jury to adopt that interpretation which will admit of defendant's innocence. The two following instructions were also given: 1. "It is not essential to a conviction in this case that the testimony of the prosecuting witness be corroborated by other evidence, provided that from all the evidence you are convinced beyond a reasonable doubt and to a moral certainty of the defendant's guilt. However, a charge such as that made against the defendant in this case is one which, generally speaking, is easily made, and, once made, difficult to disprove even if the defendant is innocent. From the nature of a case such as this, the complaining witness and the defendant usually are the only witnesses. Therefore I charge you that the law requires that you examine the testimony of the prosecuting witness with caution." 2. "The law of this state admonishes you to view with caution the testimony of any witness which purports to relate an oral admission of the defendant or an oral confession by him." The jury was instructed adequately regarding the matters referred to in this contention of appellant.

█ Appellant contends that the court erred in refusing to give two instructions requested by him which were to the effect that the jurors were the sole judges of the credibility of the witnesses, and that the testimony of a police officer was not entitled to any more credit than the testimony of any other witness. This contention is not sustainable. The court instructed the jury adequately in that regard by giving an instruction, requested by defendant, which read in part as follows: "The jury are the sole and exclusive judges of the effect and value of evidence addressed to them and of the credibility of the witnesses who have testified in the case. The term 'witness' includes every person whose testimony under oath has been received as evidence, whether by examination here in court or through deposition."

█ Appellant contends further that the court erred in refusing to give his requested instruction which was to the effect that under section 1880 of the Code of Civil Procedure children cannot be witnesses if they are under 10 years of age and appear incapable of receiving just impressions of the facts respecting which they are examined, or of relating them truly; and that the testimony of the girl herein must be viewed with the "greatest of caution" and if she appeared to be

incapable of relating facts truly her testimony should be disregarded. It was not error to refuse the instruction.

■ Whether a child under 10 years of age is a competent witness is a question for the determination of the trial judge. (*People* v. *Freeman,* 24 Cal.App.2d 619, 621 [75 P.2d 640].)

■ In the present case, the judge found that the girl was a competent witness.

Appellant's contention that the court erred in refusing to give other instructions requested by him is not sustainable. The jury was instructed adequately.

In view of the above conclusions it is not necessary to discuss other contentions of appellant.

The order denying the motion for a new trial, and the order denying the motion to modify the judgment, are affirmed. The request that this court modify the judgment is denied.

Shinn, P. J., and Vallée, J., concurred.