[Crim. No. 3411.   Third Dist.   May 15, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. LOUIS L. MOODY, Defendant and Appellant.

Jack N. Martin and John E. Barbeau for Defendant and Appellant.

Stanley Mosk, Attorney General, and John L. Giordano, Deputy Attorney General, for Plaintiff and Respondent.

SCHOTTKY, J.—Louis L. Moody was convicted by a jury of four violations of section 288 of the Penal Code. (Lewd and lascivious conduct with a child under the age of 14 years "with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of such person or of such child, . . .") ■ Moody was found to be a sexual psychopath and committed to a state hospital for observation. A motion for a new trial was denied and this appeal is properly from the order of the court denying the motion for a new trial. (Pen. Code, § 1237; Cal.Rules of Court, rule 31.*)

■ The following is a brief summary of the evidence as shown by the record:

Moody operated a barbershop in Sacramento. One day he saw R. and A., both under the age of 14, walking on the street in front of his shop. He engaged them in conversation. He then invited them into the back room of the shop where he exposed himself and asked them to touch it. The girls refused. Several weeks later R. and A. returned to the shop and went into the back room with Moody. The girls testified that A. lay down on a white bench and Mr. Moody exposed himself and got on top of A. and put his penis between her legs. Thereafter he engaged in the same type of act with R. Moody also committed two acts with L. She testified that on the first occasion he instructed her to assume a supine position on the bench which she did; that he exposed himself, put his penis between her legs and moved around on top of her. The testimony as to the second incident was similar.

*Formerly Rules on Appeal, rule 31.

Appellant Moody did not testify in his own behalf but Officer Davies of the Sacramento Police Department testified that he asked Moody if the accusations made by the girls were true and that Moody stated that they were true. Officer Davies testified further that appellant stated he took the girls in the back room of the barbershop and tested them with his finger to see if they were big enough and decided the two smaller girls were not big enough, and then the older, bigger girl, L., was checked and she was big enough. Appellant said, "I did it with L . . . , and paid her [on] two separate occasions. Three dollars, at one time, and four dollars another time." Appellant also stated that he offered Mr. B. $50 to forget the whole matter.

Officer Camper's testimony was substantially the same as Officer Davies'.

Appellant's first contention is that the evidence fell short as a matter of law to prove violation of four counts of section 288 of the Penal Code. In view of the evidence hereinbefore set forth, this contention is clearly without merit.

■ Appellant's principal contention is that the court erred in refusing to give the following instructions offered by him: "Every person who annoys or molests any child under the age of 18 is a vagrant. (Pen. Code, § 647a.)"

"You may find the defendant guilty of any offense, the commission of which is necessarily included in that with which he is charged, if, in your judgment, the evidence supports such a verdict under my instructions.

"To enable you to apply the foregoing instruction, if your findings of fact require you to do so, I instruct you that the offense of lewd and lascivious conduct, violation of Section 288 of the Penal Code, of which the defendant is charged in all four counts of the amended indictment, necessarily includes the crimes of contributing to the delinquency of a minor, a violation of Section 272 of the Penal Code. (CALJIC 115.)"

"If you find that the defendant was guilty of an offense included within the charge of the indictment, but entertain a reasonable doubt as to the crime of which he is guilty, it is your duty to convict him only of the lesser offense. (CALJIC 115-A.)"

The appellant contends that the court should have given the above instructions as the evidence was insufficient to justify a conviction for a violation of section 288 of the Penal Code but would have supported a conviction of the lesser offenses referred to in the proposed instructions. However, as here-

inbefore pointed out, the evidence was ample to sustain appellant's conviction of violation of section 288. ■ And while the crime of contributing to the delinquency of a minor is necessarily included in the crime of a violation of section 288, this does not mean that an instruction as to the included offense must be given in every case where one is charged with a violation of section 288. Whether such an instruction should be given will depend upon the evidence in the particular case.

Appellant relies heavily on the case of *People* v. *Carmen,* 36 Cal.2d 768 [228 P.2d 281], in which the court said at page 773: ". . . It has been held that a defendant is entitled to instructions on his theory of the case as disclosed by the evidence, no matter how weak. As so ably stated in *People* v. *Burns,* 88 Cal.App.2d 867, 871 [200 P.2d 134], with ample citation of authority: 'It is *elementary* that the court should instruct the jury upon every material question upon which there *is any evidence deserving of any consideration whatever.* (*People* v. *Quimby,* 6 Cal.App. 482, 486 [92 P. 493]; *People* v. *Foster,* 79 Cal.App. 328, 337 [249 P. 231]; *People* v. *Hill,* 76 Cal.App.2d 330, 343 [173 P.2d 26].) *The fact that the evidence may not be of a character to inspire belief does not authorize the refusal of an instruction based thereon.* (*People* v. *Perkins,* 75 Cal.App.2d 875, 881 [171 P.2d 919]; *People* v. *Peete,* 54 Cal.App. 333, 356, 359 [202 P. 51]; *People* v. *Wong Hing,* 176 Cal. 699, 705-706 [169 P. 357].) *That is a question within the exclusive province of the jury. However incredible the testimony of a defendant may be he is entitled to an instruction based upon the hypothesis that it is entirely true.* (*People* v. *Perkins, supra,* p. 881; *People* v. *Williamson,* 6 Cal.App. 336, 339 [92 P. 313]; *People* v. *Keefer,* 65 Cal. 232, 234 [3 P. 818].) It is the duty of the court to instruct the jury in regard to any included offense which the evidence tends to prove. (*People* v. *Stofer,* 3 Cal.App. 416, 418 [86 P. 734]; *People* v. *Carroll,* 20 Cal. App. 41, 45 [128 P. 4]; *People* v. *Wilson,* 29 Cal.App. 563, 564 [156 P. 377]; *People* v. *Mock Ming Fat,* 82 Cal.App. 618 [256 P. 270]; *People* v. *Driscoll,* 53 Cal.App.2d 590, 593 [128 P.2d 382].) In *People* v. *Carroll, supra,* the court said (p. 45): "It is undoubtedly the rule that, where there is *any* evidence from which a reasonable inference may be drawn that the crime of which the defendant was convicted was of a lesser degree . . . it is *prejudicial* error to withdraw

from the jury the consideration of such evidence and confine the instructions to the crime [charged]." '. . ."

We have no quarrel with appellant's contention that the crime of contributing to the delinquency of a minor is necessarily included in the crime of a violation of section 288 of the Penal Code. ▮ Nor have we any quarrel with appellant's statement that it is the duty of the court to instruct the jury in regard to any included offense which the evidence tends to prove. ▮ However, the case at bench is clearly distinguishable from the case of *People* v. *Carmen, supra.* In that case Carmen was charged with the crime of murder and the evidence was overwhelming that he not only shot and killed the deceased but that he intended to do so. The only evidence contradicting this evidence was the testimony of Carmen, as stated in the Supreme Court's opinion, "that he went to the McSwain home to find out what the trouble was all about and to see what, if anything, he had done wrong. After leaving the porch of the McSwain home and the accidental discharge of the gun, he stepped in a hole while approaching the car and stumbled. When he recovered his balance the rifle came up in a firing position and discharged (the shot that killed Wilbur). . . ." The trial court refused to give to the jury any instructions on manslaughter, no doubt, on the theory that Carmen's testimony was unworthy of belief. The judgment was reversed for the reasons stated in the portion of the opinion hereinbefore quoted. Even though the trial court may have believed Carmen's story to be incredible, he was nevertheless entitled to an instruction on manslaughter.

However, in the case at bench a far different situation prevailed. As hereinbefore stated, appellant in his statement to the police officers admitted that the accusations of the girls were true and that he felt the private parts of each of the girls as hereinbefore stated in more detail. Under the evidence there was no basis for an instruction as to included lesser offense. If appellant had stated that he had merely taken the three young girls into the back room of his barbershop but had denied touching them as testified to by them and admitted by him, there would then have been a basis for giving an instruction as to the lesser and included offense of contributing to the delinquency of a minor. But in view of the virtually uncontradicted evidence the instructions requested were properly refused.

What was said in *People* v. *Romersa,* 111 Cal.App.2d 173 [244 P.2d 98], is apposite. In that case, which was a prosecu-

tion for the same offense here involved, the defendant requested instruction on necessarily included offense. It was refused. The appellate court in approving the rejection of that instruction stated at page 177:

"... The offense of contributing to the delinquency of a minor is necessarily included in the offense defined in section 288 of the Penal Code (*People* v. *Greer*, 30 Cal.2d 589, 600 [184 P.2d 512]), but the mere fact that it is so included does not require the court to give such an instruction as that requested by appellant. Whether the jury should be instructed to that effect depends upon the circumstances and evidence in the particular case under consideration. 'In a criminal case instructions are to be given or refused with reference to the facts introduced before the jury.' (*People* v. *McCoy*, 25 Cal.2d 177, 188 [153 P.2d 315].) ..."

No other points raised require discussion.

We are convinced that the appellant received a fair and impartial trial, that the evidence of his guilt was overwhelming, and that no prejudicial error was committed.

The order denying appellant's motion for a new trial is affirmed.

Pierce, P. J., and Friedman, J., concurred.