[Crim. No. 25898. Second Dist., Div. Five. May 30, 1975.]

THE PEOPLE, Plaintiff and Respondent, v.
FRANK CARDONA ROMERO, Defendant and Appellant.

**COUNSEL**

John J. Schimmenti, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Frederick R. Millar, Jr., and Steven H. Kaufman, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**STEPHENS, Acting P. J.**—In an information filed by the District Attorney of Santa Barbara County, defendant was charged in case No. 102614 with annoying and molesting a child under the age of 18, a violation of Penal Code section 647a. A prior 1972 conviction for violation of Penal Code section 288 in case No. 96900 was alleged. Defendant pleaded not guilty and denied the prior conviction. Defendant made a motion to withdraw the denial of the alleged prior conviction and then admitted the prior. Trial was by jury, and defendant was found guilty as charged. Defendant's motion for new trial was denied, as was his motion to strike the admission of the prior conviction. In case No. 96900 probation was revoked, and defendant was sentenced to the Department of Corrections in accordance with the previously imposed suspended sentence. In case No. 102614 probation was denied, and defendant was sentenced to the Department of Corrections for the term prescribed by law, to run concurrently with the sentence imposed in case No. 96900. Defendant appeals from the judgment in case No. 102614.

*Facts*

On January 12, 1974, defendant went to his ex-wife's home and picked up his two daughters—Sally, age 16, and Cathy, age 17. He took them to his married daughter Debbie's home, where Debbie was having a party to celebrate the birthday of her son. Sally assisted Debbie in preparing the food and decorating the home, while defendant and Cathy went shopping. They eventually returned and took Sally shopping with them. When they returned to Debbie's home, the birthday party began. Defendant mixed some alcoholic drinks for both Sally and Cathy; he called them "dishwater drinks" because they contained whiskey, vodka, orange juice, 7-Up, Coke, and other things. Sally did not ask defendant for the drink, but he told her that if she did not drink, then she was not his daughter; as a result, she drank it. Thereafter, defendant, Sally, Cathy, and another person left Debbie's to go to various homes of different relatives. They eventually ended up at the home of defendant's son, Frankie.

There was a birthday party in progress at Frankie's home. Defendant continued to have drinks of an alcoholic nature and, at one point, engaged in a conversation with Sally, Frankie, and Frankie's girl friend, Becky, about sex. For example, he told Sally he knew that she and her

boyfriend did things like have sex relations. Sally said nothing. At about midnight, defendant, Sally, and Cathy left Frankie's party. They were on their way back to a prior party when the car ran out of gas. Defendant and Sally left Cathy in the car and went across the street to a telephone booth. As they crossed the street, defendant put his arm around her and said, "Do you think it was wrong what I did to you in the past?" She said nothing in response to his question. Then he said, "Well, I was talking to Becky . . . and she says nothing was wrong between father and daughter sex." Defendant said, "I give you $70 for it." Sally said no, realizing that he was making reference to having sex with her. At this time, she was both frightened and annoyed.

Defendant and Sally went back to the car, where they found Cathy was sick. Sally returned to the rear seat of the car. Defendant was talking to Cathy, then he came toward Sally and began kissing her. Sally turned to the side and just lay down, attempting to resist defendant, but he pushed down on her face with his hands. He leaned over toward her and began kissing her again. Thereafter, Cathy turned around quickly, observed what defendant was doing, and got scared. Defendant's right hand came toward Sally's left breast, but she prevented him from touching her. Frankie and his girl friend then arrived. Cathy got out of the car and went to Becky, and told her what she had seen. Defendant called Cathy over to the truck, talked to her and kept slapping her. Sally got in the back of Frankie's pickup truck by herself. Defendant came up to her and said he was going to turn himself in, saying, "what I would do to get into your pants." Then they all left to get gas. Once back home, Sally told her mother, Mrs. Romero, that defendant tried to force himself on her again. As a result, Mrs. Romero called the police.

On January 17, 1974, Detective Brenda Cook of the Santa Barbara Police Department called defendant and requested that he come to the police station. When defendant walked into the interview room at the station, he said voluntarily, "What is this all about? I have been hearing stories about child molesting." Cook then told defendant that before they could discuss it she would have to advise him of his *Miranda* rights, which she proceeded to do. Then she began to question defendant concerning Sally's story to her. Defendant initially denied Sally's allegations, but subsequently during the interview he did admit making certain statements to her. He made reference to previous sexual activities with both Debbie and Sally. With respect to Sally, he stated that in 1968 or 1969, "I did it to her between her legs"; he added that Sally had never filed a complaint against him regarding that incident. He explained that

this was what he had referred to when he made the statement to Sally in the incident in question, "Remember the last time we did it." He also admitted saying to Sally, "Did you like it? Do you want to do it again? I would like to do it again and I have some money." Defendant admitted that he did proposition her and he added, "God damn, here I am trying to get into trouble again."

## Question Presented

The sole question presented is "Did the trial court erroneously fail to instruct the jury as requested by [defendant] that a violation of Penal Code § 272 was a lesser included offense within the charge of a violation of Penal Code § 647a?"[1] The answer to this question is accurately answered by the brief filed on behalf of the People, and we adopt the analysis therein set forth.

■ The trial court properly refused to instruct the jury that a violation of Penal Code section 272 was a lesser included offense of Penal Code section 647a.

Defendant contends that because a violation of Penal Code section 272 (contributing to the delinquency of a minor)[2] has been held to be a lesser included offense of Penal Code section 288, it should likewise be a lesser included offense of Penal Code section 647a.[3] He argues that the trial court erred when it refused to instruct the jury on this issue.

[1] Penal Code section 647a: "Every person who annoys or molests any child under the age of 18 is a vagrant and is punishable upon first conviction by a fine not exceeding five hundred dollars ($500) or by imprisonment in the county jail for not exceeding six months or by both such fine and imprisonment and is punishable upon the second and each subsequent conviction or upon the first conviction after a previous conviction under Section 288 of this code by imprisonment in the state prison for not less than one year."

[2] Penal Code section 272 in pertinent part provides: "Every person who commits any act or omits the performance of any duty, which act or omission causes or tends to cause or encourage any person under the age of 18 years to come within the provisions of Sections 600, 601, or 602 of the Welfare and Institutions Code or which act or omission contributes thereto, . . . or to do or to perform any act or to follow any course of conduct or to so live as would cause or manifestly tend to cause any such person to become or remain a person within the provisions of Sections 600, 601, or 602 of the Welfare and Institutions Code, is guilty of a misdemeanor . . . ."

[3] Ostensibly, the Welfare and Institutions Code section that defendant relies on when he refers to Penal Code section 272 is section 601, concerning any person "who from any cause is in danger of leading an idle, dissolute, lewd, or immoral life."

Section 647a differs materially from those sections—Penal Code sections 261.5,[4] 288 and 288a—which have been held to necessarily include a violation of Penal Code section 272. (*People* v. *Greer,* 30 Cal.2d 589, 598 [184 P.2d 512]; *People* v. *Norris,* 254 Cal.App.2d 296, 299 [62 Cal.Rptr. 66]; *People* v. *Chester,* 138 Cal.App.2d 829, 831 [292 P.2d 573]; *People* v. *Kennedy,* 133 Cal.App.2d 693, 694 [284 P.2d 898].) Sections 261.5, 288, and 288a all require a showing that there was at least a touching; indeed, section 261.5 requires proof of sexual penetration. (Pen. Code, § 263; *People* v. *Ray,* 187 Cal.App.2d 182, 189 [9 Cal.Rptr. 678].) The same, however, is not necessarily true of section 647a. For example, in *People* v. *McNair,* 130 Cal.App.2d 696, 697-698 [279 P.2d 800], the Court of Appeal affirmed the conviction of a defendant who violated section 647a by exposing himself to a seven-year-old girl where he made no contact whatsoever with her. Because sections 261.5, 288 and 288a necessarily involve some form of touching, they necessarily will "contribute to the delinquency of a minor," or, in the language of Welfare and Institutions Code section 601, place the minor in danger of leading a "dissolute, lewd or immoral life." The courts have therefore held that a violation of section 272 is necessarily included in violations of those sections. By contrast, a violation of section 647a will not always have that same effect on a minor. The most obvious example is the situation where the crime involves no touching at all. (See *People* v. *McNair, supra.*) Thus a violation of section 272 is not a necessarily included offense of section 647a, because the latter offense can be committed without necessarily committing a violation of section 272. A defendant can "annoy" a child under 18 without necessarily placing the minor in danger of leading a "dissolute, lewd or immoral life." The deputy district attorney illustrated this point in his argument in opposition to the motion for new trial when he stated: "I can also think of a situation where 647a would be violated but not 272, and that could be a situation where an individual is in a car, sees a young female and attempts to pick that female up without suggesting the reason but in the person's mind the idea is there to either molest that child or have some type of sexual contact with the child, but the child or person under 18 merely proceeds down the street and doesn't pay any attention to it and does not take up the offer for the ride. That would be a violation of section 647a by virtue of annoying or molesting the child but not a 272 violation" (See *In re Gladys R.,* 1 Cal.3d 855, 867-869 [83 Cal.Rptr. 671, 464 P.2d 127].) In sum, a violation of section 647a, unlike violations of sections 261.5, 288, and 288a, does not lend itself to a holding that as a

---

[4]Penal Code section 261.5 was formerly Penal Code section 261, subdivision 1.

matter of law a violation of any of these sections includes within it a violation of section 272.

Even assuming, arguendo, that the offense of contributing to the delinquency of a minor is necessarily included in the offense defined in section 647a, the mere fact that it is so included does not require the court to give such an instruction as that requested by defendant. Whether the jury should be instructed to that effect depends upon the circumstances and evidence in the case under consideration. In a criminal case, instructions are to be given or refused depending upon the facts introduced before the jury. (*People* v. *McCoy,* 25 Cal.2d 177, 188 [153 P.2d 315]; *People* v. *Moody,* 216 Cal.App.2d 250, 255 [30 Cal.Rptr. 785]; *People* v. *Romersa,* 111 Cal.App.2d 173, 177 [244 P.2d 98].) For example, in *People* v. *Moody,* 216 Cal.App.2d 250 [30 Cal.Rptr. 785], the defendant was charged with violating Penal Code section 288. The evidence showed that he admitted to police officers that he had engaged in the conduct specifically proscribed by that section. The trial court refused to instruct the jury with respect to the lesser included offense of section 272, even though *People* v. *Greer,* 30 Cal.2d 589, 598 [184 P.2d 512] had held that the latter was necessarily an included offense in a section 288 violation. In *Moody,* the court stated (at p. 254): "[T]here was no basis for an instruction as to included lesser offense. If appellant had stated that he had merely taken the three young girls into the back room of his barbershop but had denied touching them as testified to by them and admitted by him, there would then have been a basis for giving an instruction as to the lesser and included offense of contributing to the delinquency of a minor. But in view of the virtually uncontradicted evidence the instructions requested were properly refused." (See also *People* v. *Morrison,* 228 Cal.App.2d 707, 714 [39 Cal.Rptr. 874].)

█ The general rule applied in *Moody,* which is applicable to the instant case, is that the trial court need not, even if requested, instruct the jury on the existence and definition of a lesser and included offense if the evidence was such that the defendant, if guilty at all, was guilty of something beyond the lesser offense. (*People* v. *Pijal,* 33 Cal.App.3d 682, 691-692 [109 Cal.Rptr. 230]; *People* v. *Morrison, supra,* at p. 713.) In the present case, as in *Moody,* defendant admitted to Officer Cook that he did engage in the conduct prohibited by section 647a. Because of the testimony of the complaining and corroborating prosecution witnesses, the testimony relating to defendant's admissions, the nature of defendant's defense, and the lack of any defense evidence, defendant should be found guilty, if at all, of violating section 647a. Accordingly, the court

was not required to give an instruction on Penal Code section 272, and quite properly refused to do so.

The judgment is affirmed.

Ashby, J., and Hastings, J., concurred.